**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | Case No. 21-40834-DRD |
| ) | Chapter 11 |
| INTERSTATE UNDERGROUND ) | |
| WAREHOUSE AND INDUSTRIAL ) | |
| PARK, INC. ) | |
| ) | |
| Debtor. ) | |

**DEBTOR'S MOTION FOR**
**ENTRY OF INTERIM AND FINAL ORDERS DETERMINING**
**ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

Interstate Underground Warehouse and Industrial Park, Inc. as debtor and debtor in possession in the above-captioned case (the "Debtor" or "IUW") respectfully states as follows in support of this motion (this "Motion"):

**Relief Requested**

1.  By this Motion, the Debtor seeks entry of interim and final orders (the "Proposed Orders"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) determining that the proposed Adequate Assurance (as defined herein) provides the Utility Providers (as defined herein) with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, and (c) granting related relief.

**Jurisdiction and Venue**

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rule 6003 and 6004.

**Background**

4. On July 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor operates a network of underground storage facilities within a single location in Kansas City, Missouri. IUW houses approximately 3 million square feet of dry storage, 250,000 square feet of cooler space, and 500,000 square feet of freezer space for the storage of a variety of customer goods.

5. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or official committee has been appointed in this chapter 11 case.

6. A comprehensive description of the Debtor's operations and events leading to the commencement of this Chapter 11 case is set forth in the Declaration of Leslie Reeder, the ("First Day Declaration"),[1] filed contemporaneously herewith and incorporated herein by reference.

**The Utility Services and Utility Providers**

7. In the ordinary course of business, the Debtor obtains electricity, telecommunications, water, waste management (including sewer and trash), and other similar services (collectively, the "Utility Services") from various utility providers (the "Utility Providers"). A list of the Utility Providers that provide Utility Services to the Debtor as of the Petition Date is attached hereto as **Exhibit A** (the "Utility Service List").

---

[1] The First Day Declaration is being filed in support of this Motion and is incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

8. While there is seasonal fluctuation, the Debtor has historically spent, on average, approximately $60,000.00 per month on Utility Services. Accordingly, the Debtor estimates that the cost for Utility Services during the next thirty (30) days (not including any deposits to be paid or any unpaid prepetition amounts that have been invoiced) will be approximately $60,000.00. Upon information and belief, as of the Petition Date, no amounts remain outstanding to any of the Utility Providers.

A. **Proposed Adequate Assurance Deposit and Procedures**

9. The Debtor intends to timely pay all post-petition obligations owed to the Utility Providers in the ordinary course of business. To provide additional assurance of payment, the Debtor will provide the Utility Providers adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code ("Adequate Assurance"). This Adequate Assurance will be equal to one month of the Debtor's estimated monthly cost of the Utility Services, calculated as a historical average over the past twelve (12) months, less any deposit already held by a Utility Provider; provided, however, that such deposits may be adjusted by the Debtor to account for the termination or discontinuance of any of the Utility Services.

10. The Adequate Assurance may be applied to any post-petition defaults in payment to the Utility Providers. The Debtor submits that the Adequate Assurance, in conjunction with the Debtor's anticipated liquidity during this chapter 11 case, demonstrates its ability to pay for future Utility Services in accordance with prepetition practice and constitutes sufficient Adequate Assurance to the Utility Providers in full satisfaction of section 366 of the Bankruptcy Code.

11. In the event that a Utility Provider believes that additional assurance is required, the Debtor requests that such Utility Provider contact proposed counsel to the Debtor,

Armstrong Teasdale LLP, 2345 Grand Blvd., Suite 1500, Kansas City, MO 64108 Attention: [Pamela Putnam., Esq.] and (B) Armstrong Teasdale LLP, 7700 Forsyth Boulevard, Suite 1800, St. Louis, Missouri 63105, Attention: [Richard W. Engel, Jr., Esq.] and [Erin M. Edelman, Esq..] in an effort to amicably discuss and resolve, before filing an objection with the Court.

## Basis for Relief Requested

12. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination, discontinuance, or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Furthermore, section 366(c) of the Bankruptcy Code requires a debtor to provide "adequate assurance" of payment for postpetition utility services in a form "satisfactory" to a utility provider within 30 days of the petition, or the utility provider may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2).

13. Section 366(c)(1)(A) of the Bankruptcy Code provides a non-exhaustive list of examples of what constitutes "assurance of payment." 11 U.S.C. § 366(c)(1)(A). Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g.*, *Entergy New Orleans, Inc.* v. *Cont'l Common, Inc. (In re Cont'l Common, Inc.)*, No. 3:10-CV-2591-O, 2011 WL 13238210, at *6 (N.D. Tex. Feb. 14, 2011). When considering whether a given assurance of payment is "adequate," a court should examine the totality of the circumstances to make an informed decision as to whether a utility provider will be subject to an unreasonable risk of nonpayment. *See, e.g.*, *Mass. Elec. Co.* v. *Keydata Corp. (In re Keydata Corp.)*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002). In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that,

4

since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.* v. *Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) (internal quotations and emphasis omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

14. Here, the Adequate Assurance procedures described herein adequately assure the Utility Providers against any risk of nonpayment for future Utility Services. Moreover, termination of the Utility Services could result in the Debtor's inability to operate their businesses to the detriment of all stakeholders. *See In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service, Debtor "would have to cease operations" and that section 366 "was intended to limit the leverage held by utility companies, not increase it").

15. Furthermore, section 105(a) of the Bankruptcy Code authorizes the requested relief. Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a). It permits a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01.

16. The Debtor submits that the circumstances of this chapter 11 case warrant granting the requested relief, and that doing so is in the best interests of all parties. The Debtor has an excellent payment history with the Utility Providers, and the requested relief will help the Debtor to successfully reorganize and thus fulfill the purposes of section 105 of the Bankruptcy Code and will not prejudice the rights of the Utility Providers under section 366.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

17. The Debtor seeks immediate authorization for the relief requested in this Motion. Pursuant to Bankruptcy Rule 6003(b), a bankruptcy court cannot grant "a motion to use,

sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within the first twenty-one (21) days after the petition date unless the relief is "necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b). For the reasons set forth herein, Rule 6003(b) has been satisfied.

### **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

18.  By this Motion, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause for a waiver of any stay of the effectiveness of the order approving this Motion under Bankruptcy Rule 6004(h). For the reasons set forth herein and in the First Day Declaration, the Debtor submits that notice of the relief requested herein is appropriate under the circumstances and that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

WHEREFORE, the Debtor respectfully requests entry of the Proposed Orders, granting the relief requested herein and such other relief as is just and proper.

Dated: July 2, 2021
Kansas City, Missouri

Respectfully submitted,

ARMSTRONG TEASDALE LLP

 /s/  Pamela Putnam
Pamela Putnam, MO 61158
2345 Grand Blvd. Suite 1500
Kansas City, MO  64108
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
Email:  pputnam@atllp.com

- and -

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374 (pro hac vice motion pending)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 612-2239
Email:  rengel@atllp.com
Email:  eedelman@atllp.com

*Proposed Counsel to the Debtor*

## **EXHIBIT A**

### **Utility Service List**

| Name | Address |
|---|---|
| Evergy | PO Box 219330<br>Kansas City, MO 64121 |
| KC Water | PO Box 807045<br>Kansas City, MO 64180 |
| Avid Communications | PO Box 414800<br>Kansas City, MO 64141 |
| Sprint | PO Box 4181<br>Carol Stream, IL 60197-4181 |
| Hook N Haul Dumpsters | 704 Harrington St.<br>Dearborn, MO 64439 |
| Republic Services | PO Box 9001099<br>Louisville, KY 40290-1099 |