## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Case No. 21-40834-DRD |
| | ) | Chapter 11 |
| INTERSTATE UNDERGROUND | ) | |
| WAREHOUSE AND INDUSTRIAL PARK, | ) | |
| INC. | ) | |
| | ) | |
| Debtor. | ) | |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING CONTINUED USE OF THE DEBTOR'S EXISTING CASH MANAGEMENT SYSTEM; (B) AUTHORIZING USE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS; AND (C)  GRANTING RELATED RELIEF

Interstate Underground Warehouse and Industrial Park Inc. ("IUW" or the "Debtor") respectfully states as follows in support of this motion (this "Motion"):

### Relief Requested

1.      By this Motion, the Debtor seeks entry of interim and final orders (the "Proposed Orders"), pursuant to sections 105(a), 345(b), and 363(c) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing and approving the Debtor to continue using its existing cash management system (the "Cash Management System"); (b) authorizing the Debtor to continue using its existing Bank Account, as defined below, at the financial institution identified thereon (the "Bank") and existing checks; and (c) granting related relief.

## Jurisdiction and Venue

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.      On July 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor operates a network of underground storage facilities within a single location in Kansas City, Missouri. IUW houses approximately 3 million square feet of dry storage, 250,000 square feet of cooler space, and 500,000 square feet of freezer space for the storage of a variety of customer goods.

4.      The Debtor is operating its business and managing its properties as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee, examiner, or official committee has been appointed in the Chapter 11 Case.

5.      A comprehensive description of the Debtor's operations and events leading to the commencement of this chapter 11 case is set forth in the First Day Declaration.

### *The Debtor's Cash Management System*

6.      In connection with its warehousing operations, the Debtor maintains one bank account with the Central Bank of the Midwest, which serves as the primary account containing the cash to fund its business operations (the "Bank Account"). To minimize the disruption caused by this chapter 11 case and maximize the value of the Debtor's estate, the Debtor requests authority to continue to utilize its existing Bank Account during the pendency of this chapter 11 case.  In connection with this relief, the Debtor also respectfully requests a waiver of certain of the United States Trustee's Chapter 11 Guidelines for Debtors-In-Possession (the "U.S. Trustee

Guidelines") established by the Office of the United States Trustee for Region 13 (the "U.S. Trustee") that require the Debtor to close all prepetition bank accounts, open new accounts designated as debtor-in-possession accounts, and obtain new checks bearing a "debtor-in possession" legend.

7.       Furthermore, the Debtor utilizes numerous preprinted correspondence and business forms, including letterhead, purchase orders, invoices, and preprinted checks (collectively, the "Business Forms") in the ordinary course of its business.  To minimize expenses to its estate and avoid confusion on the part of employees, customers, vendors, and suppliers during the pendency of this chapter 11 case, the Debtor requests that the Court authorize its continued use of all existing Business Forms as such forms were in existence immediately before the Petition Date—without reference to the Debtor's status as a chapter 11 debtor in possession—rather than requiring the Debtor to incur the expense and delay of ordering new Business Forms and creating new books and records; *provided* that once the existing Business Forms have been used, the Debtor shall, during the pendency of this chapter 11 case, reorder new Business Forms that include a stamp to reference the Debtor's status as debtor in possession and the corresponding bankruptcy case number.

## Basis for Relief Requested

**A.       The Court Should Authorize the Debtor's Continued Use of the Cash Management System.**

8.       Section 363(c)(1) of the Bankruptcy Code authorizes a debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1).  This section provides a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without undue oversight by creditors or the court.  *See Habinger, Inc.* v. *Metro. Cosmetic & Reconstructive Surgical Clinic, P.A.*, 124

B.R. 784, 786 (Bankr. D. Minn. 1990) (citing *United States ex rel. Harrison* v. *Estate of Deutscher*, 115 B.R. 592 (Bankr. M.D. Tenn. 1990)).  Included within the purview of section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system.  *In re Amdura Corp.*, 75 F.3d 1447, 1453 (10th Cir. 1996).  Accordingly, the Debtor seeks authority under section 363(c)(1) of the Bankruptcy Code to continue the collection, concentration, and disbursement of funds pursuant to the Cash Management System described above.

9.     The Court may also exercise its equitable powers to grant the relief requested herein.  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtor's assets.  *See, e.g.*, *In re Carlson*, 126 F.3d 915, 920 (7th Cir. 1997) ("Section 105(a) gives the bankruptcy court the authority to issue any order necessary to carry out the provisions of the Bankruptcy Code."); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.").

10.     To ensure the seamless operation of the Debtor's business and to realize the benefits of the Cash Management System, the Debtor should be allowed to continue using the Cash Management System and should not be required to open new bank accounts. The Debtor will maintain records of all transfers within the Cash Management System to the same extent they were recorded by the Debtor before the Petition Date.  As a result, the Debtor will be able to document and record the transactions occurring within the Cash Management System for the benefit of all parties in interest. Accordingly, the requested relief is warranted.

**B.      Maintaining the Existing Bank Account and Checks and Providing Protections to the Existing Bank Is Warranted and Appropriate under the Circumstances.**

11.      The U.S. Trustee Guidelines require that chapter 11 debtors, among other things: (a) close all existing bank accounts upon filing their petitions and open new "debtor-in-possession" accounts in certain financial institutions designated as authorized depositories by the U.S. Trustee; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes; and (c) maintain a separate debtor-in-possession account for cash collateral. By this Motion, the Debtor seeks a waiver of the U.S. Trustee Guidelines' requirement that their Bank Accounts be closed and that new post-petition bank accounts be opened.

12.      The Debtor can achieve the goals of the U.S. Trustee Guidelines without closing its existing Bank Account and opening new ones.  The Debtor can and will identify all prepetition checks and other forms of payment outstanding on the Petition Date and notify the appropriate bank not to pay such checks or obligations without proper authorization. The systems currently employed by the Debtor and the Bank is sufficient to ensure that prepetition obligations are not paid improperly.

13.      The Debtor also seeks an order granting the Bank authority to continue to treat, service, and administer the Bank Account as accounts of the Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all post-petition checks, drafts, wires, or electronic funds transfers drawn on the Bank Account by the holders or makers thereof. Notwithstanding anything to the contrary in any other order of this Court, the Debtor requests that the Bank be authorized to accept and honor all representations from the Debtor as to which checks, drafts, wires, or electronic funds transfers should be honored or dishonored consistent with any order of this Court and governing law,

5

whether such checks, drafts, wires, or electronic funds transfers are dated before, on, or subsequent to the Petition Date.

14.     Finally, to minimize expenses, the Debtor further requests that it be authorized to continue using its existing Business Forms; *provided*, that once the Debtor's existing check stock has been exhausted, the Debtor shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as it is reasonably practicable to do so.  Accordingly, the Debtor requests that the Court grant the relief requested herein.

**C.     Waiver of the Deposit Requirements of Section 345 of the Bankruptcy Code and Requirements of the U.S. Trustee Guidelines**

15.     The Debtor requests that the Court waive the requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines and permit it to maintain any deposits in its Bank Account in accordance with its existing practices.  Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  11 U.S.C. § 345(a).  For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety.  11 U.S.C. § 345(b).  A court may, however, relieve a debtor-in-possession of the restrictions imposed by section 345(b) of the Bankruptcy Code for "cause."  11 U.S.C. § 345(b).

16.     Upon information and belief, the Bank Account is insured by the FDIC and therefore in compliance with section 345(b) of the Bankruptcy Code. To the extent the Bank Account contains amounts in excess of the FDIC insurance limit, the Debtor submits that cause exists to waive any such noncompliance because such funds are deposited safely and prudently at Central Bank of the Midwest, which is a financially-stable and well-capitalized banking institution. Accordingly, to the extent the amount in the Bank Account exceeds the FDIC insurance limit during these chapter 11 cases, the Debtor requests that the Court waive strict compliance with section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines requiring debtors to use Authorized Depositories.

17.     Given the structure and relative security of the Cash Management System, the Debtor submits that cause exists to grant a waiver of the requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

18.     By this Motion, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause for a waiver of any stay of the effectiveness of the order approving this Motion under Bankruptcy Rule 6004(h).   For the reasons set forth herein and in the First Day Declaration, the Debtor submits that notice of the relief requested herein is appropriate under the circumstances and that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

19.     The Debtor seeks immediate authorization for the relief requested in this Motion. Pursuant to Bankruptcy Rule 6003(b), a bankruptcy court cannot grant "a motion to use, sell,

lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within the first twenty-one (21) days after the petition date unless the relief is "necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b).   For the reasons set forth herein, Rule 6003(b) has been satisfied.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Orders granting the relief requested herein and such other relief as is just and proper.

Dated:   July 2, 2021                    Respectfully submitted,
         Kansas City, Missouri
                                         ARMSTRONG TEASDALE LLP


                                         _/s/  Pamela Putnam_____
                                         Pamela Putnam, MO 61158
                                         2345 Grand Blvd. Suite 1500
                                         Kansas City, MO  64108
                                         Telephone: (816) 221-3420
                                         Facsimile: (816) 221-0786
                                         Email:  pputnam@atllp.com

                                         - and -

                                         Richard W. Engel, Jr., MO 34641
                                         Erin M. Edelman, MO 67374 (pro hac vice motion pending)
                                         **ARMSTRONG TEASDALE LLP**
                                         7700 Forsyth Boulevard, Suite 1800
                                         St. Louis, Missouri 63105
                                         Telephone: (314) 621-5070
                                         Facsimile:  (314) 612-2239
                                         Email:  rengel@atllp.com
                                         Email:  eedelman@atllp.com

                                         *Proposed Counsel to the Debtor*

**<u>Exhibit A</u>**

**Proposed Interim Order**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-40834-DRD |
| | ) | Chapter 11 |
| INTERSTATE UNDERGROUND | ) | |
| WAREHOUSE AND INDUSTRIAL PARK, | ) | |
| INC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## INTERIM ORDER (A) AUTHORIZING CONTINUED USE OF THE DEBTOR'S EXISTING CASH MANAGEMENT SYSTEM; (B) AUTHORIZING USE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS; AND (C) GRANTING RELATED RELIEF

Upon the Motion[1] of Interstate Underground Warehouse and Industrial Park, Inc. ("IUW" or the "Debtor") requesting entry of an interim order (this "Interim Order"), pursuant to sections 105(a), 363(c), and 345(b) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing and approving the Debtor to continue using its Cash Management System; (b) authorizing the Debtor to continue using its Bank Account at the Bank and existing checks; and (c) granting related relief, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Debtor's chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon consideration of the First Day

---

[1]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Declaration; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

<strong>IT IS HEREBY ORDERED THAT:</strong>

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtor is authorized, pursuant to sections 105(a), 345(b), and 363(c), to continue using the Cash Management System in a manner consistent with the Debtor's prepetition practices, as described in the Motion.  The Debtor may transfer funds into, out of, and through the Cash Management System, using ordinary transfer methods in accordance with the Debtor's prepetition practices.  Without limiting the generality of the foregoing, the Debtor is authorized to (a) designate, maintain, and continue to use, with the same account number, its Bank Account in existence on the Petition Date, (b) treat the Bank Account for all purposes as an account of the Debtor in its capacity as debtor in possession, and (c) use, in their present form, all Business Forms, without reference to its status as debtor in possession.

3. The Bank is authorized to continue to service and administer its Bank Account as a depository account of the Debtor as debtor in possession, without interruption and in the usual and ordinary course of business, and to receive, process, honor, and pay, in accordance with this Interim Order, any or all checks, drafts, wires, or electronic funds transfers drawn on such Bank Account.

4. Each Bank is authorized to accept and rely upon, without further inquiry, all representations from the Debtor as to which checks, drafts, wires, or electronic funds transfers

12

are dated before, on, or after the Petition Date and which checks are to be honored or dishonored,

regardless of whether or not such payment or honoring is or is not authorized by an order of the

Court.  As necessary, the Debtor shall promptly provide a list of checks to the Bank for the Bank

Account maintained at the Bank, specifying by check sequencing number, dollar amount, and

payee information those checks that are to be dishonored by such Bank, which checks may

include those issued after the Petition Date as well as those issued before the Petition Date that

are not to be honored or paid according to any order of the Court, and each Bank may honor all

other checks.

    5.  Except for those checks, drafts, wires, or electronic funds transfers that are

authorized or required to be honored under an order of the Court, the Debtor shall not instruct

nor request any Bank to pay or honor any check, draft, or other payment item issued on the Bank

Account before the Petition Date but presented to such Bank for payment after the Petition Date.

    6.  Notwithstanding anything to the contrary herein, the Bank shall be

obligated to honor any check or other payment item drawn on a Bank Account at such Bank

unless there are sufficient and collected funds in such Bank Account.

    7.  If Bank is not a party to a uniform depository agreement with the U.S.

Trustee, the Debtor shall use its reasonable efforts to cause the Bank to execute a uniform

depository agreement in a form prescribed by the U.S. Trustee within forty-five (45) days of the

date of this Interim Order.  If the Debtor is unsuccessful in causing the Bank to execute a

uniform depository agreement, the Debtor shall make other arrangements with the U.S. Trustee

that are reasonably satisfactory to the U.S. Trustee with respect to such Bank and the Debtor's

accounts at such Bank.  The U.S. Trustee's rights to seek further relief from this Court on notice

in the event that the Bank is unwilling to execute a uniform depository agreement in a form prescribed by the U.S. Trustee are fully reserved.

8.     The Debtor is authorized to open any new bank accounts or close any existing Bank Account as it may deem necessary and appropriate in its sole discretion; *provided* that the Debtor gives notice of the closing of any Bank Accounts or the opening of any new bank accounts within fifteen (15) days thereafter to the U.S. Trustee and any statutory committees appointed in this chapter 11 case.

9.     The Debtor is authorized to use its existing Business Forms; *provided* that once the Debtor's existing check stock has been exhausted, the Debtor shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as it is reasonably practicable to do so.

10.     The Debtor is authorized to deposit and invest its cash and cash equivalents in the Bank Account consistent with its prepetition practices and the Cash Management System.  The Debtor is relieved from the obligations under section 345(b) of the Bankruptcy Code and the requirements of the U.S. Trustee Guidelines to obtain a bond from any entity with which money is deposited or maintained in the Bank Accounts.

11.     Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

13.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief sought by the Motion is necessary to avoid immediate and irreparable harm.

14.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

16.      No later than two (2) business days after the date of this Interim Order, the Debtor shall serve (a) a copy of the Interim Order and (b) a notice scheduling a final hearing on the Motion, on _____, 20___, at ___:___ __.m. (prevailing Central Time), and shall file a certificate of service no later than twenty-four (24) hours after service.

Dated: _____, 2021
         Kansas City, Missouri


_____
UNITED STATES BANKRUPTCY JUDGE

Order prepared by:

Pamela Putnam, MO 61158
**ARMSTRONG TEASDALE LLP**
2345 Grand Blvd. Suite 1500
Kansas City, MO  64108
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
Email:  pputnam@atllp.com

-and-

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374 (pro hac vice motion
pending)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 612-2239
Email:  rengel@atllp.com
Email:  eedelman@atllp.com

*Proposed Counsel to the Debtor*