## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Case No. 21-40834-DRD |
| | ) | Chapter 11 |
| INTERSTATE UNDERGROUND | ) | |
| WAREHOUSE and INDUSTRIAL PARK, | ) | |
| INC. | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

**AMENDED APPLICATION OF THE DEBTOR PURSUANT TO SECTIONS 327(A) AND 329(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(A) AND 2016(B) AND LOCAL BANKRUPTCY RULE 2016-3, FOR AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY ARMSTRONG TEASDALE LLP AS RESTRUCTURING COUNSEL EFFECTIVE _NUNC PRO TUNC TO_ THE PETITION DATE**

COMES NOW Interstate Underground Warehouse and Industrial Park, Inc. (the "Debtor" or "IUW"), and hereby move this Court, pursuant to sections 327(a) and 329(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Missouri (the "Local Bankruptcy Rules"), for an order authorizing Debtor to retain and employ Armstrong Teasdale LLP ("Armstrong Teasdale") as restructuring counsel in this chapter 11 case, effective _Nunc Pro Tunc to_ the Petition Date,[1] and in support thereof respectfully represent as follows:

### Jurisdiction and Venue

1.       Since the Petition Date, the Debtor has remained in possession and control of its assets.

---

[1]       Retention _Nunc Pro Tunc_ to the Petition Date is appropriate because Armstrong Teasdale has provided services to the Debtor in this chapter 11 case from and after the Petition Date.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

## Background

3.      The Debtor operates a network of underground storage facilities within a single location in Kansas City, Missouri. IUW houses approximately 3 million square feet of dry storage, 250,000 square feet of cooler space, and 500,000 square feet of freezer space for the storage of a variety of customer goods.

4.      On July 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No committees have been appointed or designated.

5.      A comprehensive description of the Debtor's operations and events leading to the commencement of these chapter 11 cases is set forth in the Declaration of Leslie Renee Reeder, (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

6.      In support of this Application, the Debtor submits (a) the Declaration of Leslie Reeder (the "Reeder Declaration"), a copy of which is attached hereto as Exhibit A; (b) the Declaration of Richard W. Engel, Jr., a partner of Armstrong Teasdale (the "Engel Declaration"), a copy of which is attached hereto as Exhibit B; and (c) Armstrong Teasdale's Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit C.

## Retention of Counsel

### *Armstrong Teasdale's Qualifications*

7.      Armstrong Teasdale is well-qualified to serve as the Debtor's restructuring counsel in this chapter 11 case.  Armstrong Teasdale is one of the leading commercial law firms

2

in the Midwest and serves a dynamic national and international client base.  Armstrong Teasdale has substantial experience in virtually all aspects of the law that may potentially arise in this chapter 11 case, including bankruptcy, corporate, employee benefits, finance, labor and employment, litigation, real estate, and tax.

8.      Armstrong Teasdale's restructuring practice group consists of attorneys practicing in offices in Missouri, Kansas, Colorado, Delaware, New York, Utah, Massachusetts, and Nevada.  Armstrong Teasdale's restructuring lawyers have played, or are presently playing, significant roles in a wide array of chapter 11 cases including, but not limited to, those of Peabody Energy Corporation; Patriot Coal Corp.; Abengoa Bioenergy US Holding, LLC; Abengoa Bioenergy Biomass of Kansas, LLC; Global Computer Enterprises Inc.; Enviro-Safe Refrigeration, Inc.; US Fidelis Inc.; Payless ShoeSource, Inc.; Armstrong Energy, Inc. and Foresight Energy LP.

9.      Armstrong Teasdale is also familiar with the Debtor's businesses and financial affairs and will contribute greatly as restructuring counsel to aid in the efficient administration of the Debtor's estate.

### Services to Be Provided by Armstrong Teasdale

10.      The employment of Armstrong Teasdale as the Debtor's restructuring counsel is appropriate and necessary to enable the Debtor to fulfill its duties as debtor and debtor in possession and to preserve and maximize the value of the Debtor's estate for all valid claimholders.  The Debtor proposes to retain Armstrong Teasdale for this chapter 11 case on the terms of this application and the parties' engagement letter, dated as of October 21, 2020 (the "Engagement Letter"), a copy of which is attached hereto as Exhibit D.[2]  The Engagement Letter

---

[2]      Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the description provided herein.

describes, among other things:  (a) the services that Armstrong Teasdale anticipates performing for the Debtor and (b) the terms and conditions of Armstrong Teasdale's proposed engagement by the Debtor.

   11. The Debtor anticipates that Armstrong Teasdale will render various legal services to the Debtor as needed throughout the course of this chapter 11 case.  In particular, the Debtor anticipates that Armstrong Teasdale will perform, among others, the following legal services:

    (a) providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its affairs and business;

    (b) attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of this chapter 11 case, including the legal and administrative requirements of operating in chapter 11;

    (c) taking necessary action to protect and preserve the Debtor's estate, including the prosecution of actions commenced under the Bankruptcy Code on its behalf, and objections to claims filed against the estate;

    (d) preparing and prosecuting on behalf of the Debtor's motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

    (e) advising and assisting the Debtor with respect to restructuring alternatives, including preparing and pursuing confirmation of a chapter 11 plan, including preparing and seeking approval of a disclosure statement;

    (f) appearing in Court and protecting the interests of the Debtor before the Court; and

4

(g)     performing all other legal services for the Debtor which may be necessary and proper in this case.

12.    The Debtor requires knowledgeable counsel to render these essential professional services.  Armstrong Teasdale has substantial expertise in all of these areas. Accordingly, the Debtor respectfully submits that Armstrong Teasdale is well-qualified to perform these services and represent the Debtor's interests in this chapter 11 case.

### Compensation and Fee Applications

13.    Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of this application, Armstrong Teasdale intends to:  (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[3]

14.    Armstrong Teasdale will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  At present, the standard hourly rates charged by Armstrong Teasdale for all attorneys range as follows:

| BILLING CATEGORY | U.S. RANGE |
|---|---|
| Partners | $335 - $775 |
| Of Counsel | $300 - $575 |
| Associates | $225 - $405 |
| Paralegals | $110 - $305 |
| Law Clerks | $200 - $235 |

---

[3]    The hourly rates charged by Armstrong Teasdale professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident.  Armstrong Teasdale does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

15.     The names, positions, resident offices and current hourly rates of those Armstrong Teasdale lawyers currently expected to spend significant time on this chapter 11 case are attached as <u>Schedule 3</u> to the Engel Declaration.   Armstrong Teasdale's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of the scope and complexity similar to this chapter 11 case.   Further, Armstrong Teasdale's bankruptcy professionals are subject to the same client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy engagements.   For all of these reasons, Armstrong Teasdale's rates are reasonable and favorable to the Debtor's estate.[4]

16.     Armstrong Teasdale will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any additional procedures that may be established by the Court in this chapter 11 case.[5]   Armstrong Teasdale contemplates using the following billing categories, which substantially conform to those categories set forth at section 8(b) of the United States Trustee Guidelines:[6]

| CATEGORY | DESCRIPTION |
|---|---|
| Asset Analysis and Recovery | Includes the identification and review of potential assets, including causes of action belonging to the Debtor's estate and other non-litigation recoveries. |
| Asset Disposition | Includes transactions related to the sale, lease, abandonment or other disposition of the Debtor's assets. |

---

[4]     Like many of its peer law firms, Armstrong Teasdale increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of step increases in the ordinary course on the basis of advancing seniority and promotion.  The step increases do not constitute "rate increases" (as the term is used in the United States Trustee Guidelines).

[5]     In applying to the Court for payment of compensation and reimbursement of expenses, Armstrong Teasdale will also make reasonable efforts to comply with the United States Trustee Guidelines.

[6]     Armstrong Teasdale may, in its discretion and in consultation with the Debtor, determine to create separate sub-billing categories for certain discrete projects undertaken during these chapter 11 cases.

| CATEGORY | DESCRIPTION |
|---|---|
| Assumption and Rejection of Leases and Contracts | Includes (a) contract and lease analysis, (b) matters relating to assumption, assumption and assignment, rejection or recharacterization of executory contracts and unexpired leases and (c) the preparation of Court filings related to the foregoing. |
| Avoidance Action Analysis | Includes the review of potential avoidance actions under sections 544, 545, 546, 547, 548 and 549 of the Bankruptcy Code to determine whether such actions are warranted. |
| Case Administration | Includes (a) general case administration services, (b) maintenance of case docket and calendar, (c) filing and circulation of papers and (d) preparation and review of other reports, notices and service lists. |
| Claims Administration and Objections | Includes (a) bar date matters, (b) claims objections and related contested matters and (c) other claims administration activities. |
| Court Hearings | Includes preparation for and attendance at court hearings. |
| Employment and Fee Applications | Includes (a) preparation of Armstrong Teasdale fee applications and the preparation of monthly invoices, (b) preparation of fee applications for other professionals and (c) preparation and/or prosecution of Court filings establishing procedures governing professional retention and compensation. |
| Employment and Fee Application Objections | Includes the review of, and objections to, the employment and fee applications of other professionals. |
| Financing and Cash Collateral | Includes (a) negotiation and documentation of debtor in possession financing and post-confirmation financing, (b) cash collateral issues, (c) analysis of loan documents and (d) related services. |
| Litigation and Adversary Proceedings | Includes all litigation and adversary proceedings (i.e., actions initiated by a complaint in the Bankruptcy Court), such as avoidable transfer litigation, as well as related pre-litigation matters and all other contested matters that do not fit within another, more specific matter description. |
| Meetings | Includes preparation for, and attendance at, (a) meetings with official committees appointed in the Debtor's chapter 11 case that do not fit within another, more specific matter description, (b) the section 341 meeting and committee formation meetings, (c) meetings with the Debtor or the Debtor's other professionals (including co-counsel), (d) meetings with individual creditors and (e) meetings with all other interested parties. |
| Non-Working Travel | Includes all non-working travel time. |

| CATEGORY | DESCRIPTION |
|---|---|
| Plan and Disclosure Statement | Includes (a) the formulation, negotiation, preparation and promulgation of plans of reorganization, disclosure statements, confirmation orders and related orders and corporate documentation, (b) research relating thereto, (c) matters related to exclusivity and (d) disbursement and case closing activities. |
| Real Estate | Review and analysis of real estate matters that do not fit within another, more specific matter description. |
| Relief from Stay and Adequate Protection | Includes matters related to (a) the continuation, extension, modification, scope or termination of the automatic stay under section 362 of the Bankruptcy Code, (b) adequate protection under section 361 of the Bankruptcy Code and (c) the effect of the automatic stay on pending matters. |
| Reporting | Includes (a) preparation of (i) schedules of assets and liabilities (and amendments thereto), (ii) statements of financial affairs (and amendments thereto), (iii) periodic operating reports and (iv) other accounting or reporting activities and (b) communications with the Office of the United States Trustee for the Western District of Missouri (the "United States Trustee") not within the scope of other matter numbers. |
| Tax | Includes (a) all federal and state income, property, employment, excise and other tax matters and (b) the preparation of related tax returns. |
| Write-Offs | Write-off of fees and disbursements relating to services rendered in Debtor's chapter 11 case. |

17.     Furthermore, Armstrong Teasdale contemplates using the following expense categories:  (a) copies; (b) outside printing; (c) telephone; (d) facsimile; (e) online research;  (f) delivery services/couriers;  (g) postage;  (h) out-of-town travel (including subcategories for transportation, hotel, meals, ground transportation, and other); (i) meals (local); (j) court fees; (k) subpoena fees; (l) witness fees; (m) deposition transcripts; (n) trial transcripts; (o)  trial  exhibits;  (p)  litigation  support  vendors;  (q)  experts;  (r)  investigators; (s) arbitrators/mediators; and (t) other.

18.     Armstrong Teasdale will consult with the United States Trustee regarding suggested alterations to these categories and will seek to coordinate the consistent use of these

categories among professionals required to file applications for payment of fees and reimbursement of expenses in these cases.  In addition, Armstrong Teasdale understands that interim and final fee awards are subject to approval by this Court.

### Disclosure Concerning Disinterestedness

19.     The Engel Declaration, incorporated herein by reference, discloses Armstrong Teasdale's connections to the Debtor and parties in interest in this case.  In reliance on the Engel Declaration, and except as set forth therein, the Debtor believes that:  (a) Armstrong Teasdale has no connection with the Debtor, its creditors, the United States Trustee, any person employed in the office of the United States Trustee or any other party with an actual or potential interest in this chapter 11 case or their respective attorneys or accountants; (b) Armstrong Teasdale is not a creditor, equity security holder or insider of the Debtor; (c) none of Armstrong Teasdale's lawyers is, or was within two years of the Petition Date, an employee of the Debtor; and (d) Armstrong Teasdale neither holds nor represents an interest materially adverse to the Debtor or its estate.  Accordingly, the Debtor believes that Armstrong Teasdale is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

20.     In the event that Armstrong Teasdale's representation of the Debtor in connection with any matter in this chapter 11 case would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtor shall retain separate counsel to represent their interests with respect to such matter against such party.  Further, any issue directly adverse to Citizens Bank & Trust Company will be handled by such separate counsel, including but not limited to issues involving any guaranty between Debtor and Citizens Bank & Trust Company.

### Professional Compensation

21.     In the eight months prior to the Petition Date, the Debtor provided Armstrong Teasdale with advance payments totaling $150,000.00 to establish a retainer (the "Retainer") for immediate application for professional services to be rendered and services to be incurred by Armstrong Teasdale LLP for the attempted global, out of court workout, and, if necessary, the preparation and filing of this chapter 11 case. This past Spring it became more and more apparent that Chapter 11 relief was necessary for the Debtor. As of the Petition Date, the balance of the Retainer was approximately $49,122.16.

**Basis for Relief Requested**

Under section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).[7] Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

---

[7]     Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:

a person that –

(A)     is not a creditor, an equity security holder, or an insider;

(B)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

22.     As required by Section 329(a) of the Bankruptcy Code,[8] Bankruptcy Rule 2014(a)[9] and Local Bankruptcy Rule 2016-3,[10] the above-described facts set forth in the application and the information in the Exhibits attached hereto set forth:  (a) the specific facts showing the necessity for Armstrong Teasdale's employment; (b) the reasons for the Debtor's selection of Armstrong Teasdale as their counsel in connection with this chapter 11 case; (c) the professional services proposed to be provided by Armstrong Teasdale; (d) the arrangement between the Debtor and Armstrong Teasdale with respect to Armstrong Teasdale's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the Debtor's knowledge, the extent of Armstrong Teasdale's connections, if any, to certain parties in interest in these matters.  Accordingly, Armstrong Teasdale's retention by the Debtor should be approved.

---

[8]     Section 329(a) of the Bankruptcy Code provides as follows:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).  This information is set forth in the Engel Declaration attached hereto as Exhibit B.

[9]     Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

[10]    Local Bankruptcy Rule 2016-3 contains the requirements for filing applications for compensation in chapter 11 and chapter 12 cases.

WHEREFORE, the Debtor respectfully request that the Court: (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: August 5, 2021
      Kansas City, Missouri

Respectfully submitted,

Interstate Underground Warehouse and Industrial Park, Inc.
Debtor in Possession


/s/   Leslie Reeder
Name: Leslie Reeder
Title: Chief Executive Officer

Filed by:

/s/     *Pamela Putnum*
Pamela Putnam, MO 61158
**ARMSTRONG TEASDALE LLP**
2345 Grand Blvd. Suite 1500
Kansas City, MO  64108
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
Email:  pputnam@atllp.com

AND

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374 (admitted pro hac vice)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 612-2239
Email:  rengel@atllp.com
Email:  eedelman@atllp.com

*Proposed Counsel to the Debtor*

**<u>Exhibit A</u>**

**<u>Reeder Declaration</u>**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | Case No. 21-40834-DRD |
| | ) | Chapter 11 |
| INTERSTATE UNDERGROUND | ) | |
| WAREHOUSE and INDUSTRIAL PARK, | ) | |
| INC. | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>DECLARATION OF LESLIE REEDER</u>

I, Leslie Reeder, hereby declare, under penalty of perjury, as follows:

1.      I am older than 21 years of age and suffer no legal disability.  I am competent to make this Declaration.

2.      My testimony herein is based upon my personal knowledge, unless stated otherwise.

3.      If called to testify, I could and would testify to the matters stated herein.

4.      I make this declaration under 28 U.S.C. § 1746 for all permissible purposes under applicable rules of evidence and procedure, in support of the Application of the Debtor Pursuant to Sections 327(a) and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Bankruptcy Rule 2016-3, for an Order Authorizing Debtor to Retain and Employ Armstrong Teasdale LLP as Restructuring Counsel, Effective *Nunc Pro Tunc* to the Petition Date (the "<u>Application</u>").[1]

5.      Although Armstrong Teasdale professionals assisted in the preparation of this declaration on my behalf, they did so according to my express instructions and using

---

[1]      This Declaration is also generally consistent with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, issued by the Executive Office for United States Trustees (the "<u>United States Trustee Guidelines</u>").

information provided by me and my staff specific to the Debtor's decision to retain Armstrong

Teasdale as counsel in this chapter 11 case.

6.      I am currently the CEO of the Debtor.

7.      In my current capacity, I am familiar with all aspects of the Debtor's

decision to retain and employ Armstrong Teasdale as counsel with respect to this chapter 11 case.

## The Debtor's Selection of Armstrong Teasdale

8.      Armstrong Teasdale is my proposed restructuring counsel.  The process

used by the Debtor to review and select their restructuring counsel involved an evaluation of

potential counsels' expertise in relevant legal practice areas and in similar proceedings in this

District.  After evaluating other candidates for counsel, I retained Armstrong Teasdale due to

Armstrong Teasdale's extensive experience in reorganizations, both out-of-court and under

chapter 11 of the Bankruptcy Code, and in areas of law closely aligned with the goals and

interests in this chapter 11 case.

9.      Given these facts, I determined that Armstrong Teasdale is well-qualified

to represent the Debtor in connection with this chapter 11 case.

## Rate Structure

10.      Armstrong Teasdale and I agreed that Armstrong Teasdale's standard fees

would apply to this engagement, except that Richard Engel has agreed to discount his standard

rate by ten (10%) percent.  Having previously reviewed invoices from other comparable law firms

and invoices submitted from Armstrong Teasdale, I can verify that the rates being charged by

Armstrong Teasdale in connection with this representation are within the range typically charged

by similar firms.

11.      I have approved an anticipated budget and staffing plan (the "Budget and

Staffing Plan") for the first three months of this chapter 11 case, recognizing that in the course of

chapter 11 cases like this, it is possible that there may be a number of unforeseen matters that will

need to be addressed by the Debtor and Armstrong Teasdale leading to the incurrence of additional fees and expenses beyond those set forth in the Budget and Staffing Plan.  As this chapter 11 case continues to develop, Armstrong Teasdale and I will work together to revise the Budget and Staffing Plan as needed.  I further recognize that it is their responsibility to monitor closely the billing practices of my counsel to ensure the fees and expenses paid by the estate remain consistent with my expectations and the exigencies of the chapter 11 cases.  I will continue to review the invoices that Armstrong Teasdale regularly submits, and, together with Armstrong Teasdale, amend the Budget and Staffing Plan periodically as the case develops.

### Cost Supervision

12.     As they did prepetition, the Debtor will continue to closely supervise the fee and expense reimbursement process.  Armstrong Teasdale's fees and expenses will be subject to review, comment and objection (if warranted), and court approval pursuant to interim compensation procedures that provide for the interim allowance and payment of fees and expenses during the course of this chapter 11 case.  It is my understanding that Armstrong Teasdale's fees and expenses will be subject to review on a monthly, interim and final basis during the course of this chapter 11 case by the U.S. Trustee, any official committee and the Court, as well as by the Debtor.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2021                              /s/ Leslie Reeder
                                                   Leslie Reeder

## Exhibit B

**Engel Declaration**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Case No. 21-40834-DRD |
| | ) | Chapter 11 |
| INTERSTATE UNDERGROUND | ) | |
| WAREHOUSE and INDUSTRIAL PARK, | ) | |
| INC. | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>DECLARATION OF RICHARD W. ENGEL, JR.</u>

Pursuant to Bankruptcy Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2016-3 of the Local Rules of Procedure of the United States Bankruptcy Court for the Western District of Missouri (the "<u>Local Bankruptcy Rules</u>"),[1] I, Richard W. Engel, Jr., declare:

1.    I am an attorney at law admitted and in good standing to practice in the State of Missouri, the State of Illinois, the United States District Court for the Eastern District of Missouri, the United States District Court for the Western District of Missouri, the United States District Court for the Southern District of Illinois, the United States District Court for the Central District of Illinois, the United States District Court for the Northern District of Illinois, the Eighth Circuit Court of Appeals, and the United States Supreme Court.

2.    I am a partner of the law firm of Armstrong Teasdale LLP ("<u>Armstrong Teasdale</u>") and am duly authorized to make this Declaration on behalf of Armstrong Teasdale.  I

---

[1]    This Declaration is also generally consistent with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, issued by the Executive Office for United States Trustees (the "<u>United States Trustee Guidelines</u>").

make this Declaration in support of the Application of the Debtor Pursuant to Sections 327(a) and

329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Bankruptcy

Rule 2016-3, for an Order Authorizing Debtor to Retain and Employ Armstrong Teasdale LLP as

Restructuring Counsel, Effective *Nunc Pro Tunc to* the Petition Date (the "<u>Application</u>").[2]

3.      The facts set forth in this Declaration are personally known to me and, if

called as a witness, I could and would testify thereto.

### <u>Armstrong Teasdale's Qualifications</u>

4.      Armstrong Teasdale is well-qualified to serve as the Debtor's counsel in

this chapter 11 case.  Armstrong Teasdale is one of the leading commercial law firms in the

Midwest and serves a dynamic national and international client base.  Armstrong Teasdale has

substantial experience in virtually all aspects of the law that may potentially arise in this chapter

11 case, including bankruptcy, environmental, corporate, employee benefits, finance, labor and

employment, litigation, mergers and acquisitions, real estate, securities and tax.

5.      Armstrong Teasdale's restructuring practice group consists of attorneys

practicing in offices in Missouri, Kansas, Colorado, Delaware, New York, Utah, Massachusetts

and Nevada.  Armstrong Teasdale's restructuring lawyers have played, or are presently playing,

significant roles in a wide array of chapter 11 cases including, but not limited to, those of Peabody

Energy Corporation; Patriot Coal Corp.; Abengoa Bioenergy US Holding, LLC; Abengoa

Bioenergy Biomass of Kansas, LLC; Global Computer Enterprises Inc.; Enviro-Safe

Refrigeration, Inc.; US Fidelis Inc.; Payless ShoeSource, Inc.; Armstrong Energy, Inc. and

Foresight Energy LP.

---

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

6.     Armstrong Teasdale is also familiar with the Debtor's businesses and financial affairs and will contribute greatly as restructuring counsel to aid in the efficient administration of the Debtor's estate.  Armstrong Teasdale's professionals have become well-acquainted with the Debtor's history, business operations, capital and corporate structure and related matters.   Accordingly, Armstrong Teasdale has developed substantial knowledge regarding the Debtor that will result in effective and efficient services in this chapter 11 case.

## Services to Be Provided by Armstrong Teasdale

7.     The Debtor has requested that Armstrong Teasdale render, to the extent necessary, the following legal services in connection with this chapter 11 case:

(a)     providing legal advice with respect to the Debtor's powers and duties as Debtor-in-possession in the continued operation of its business and management of its properties;

(b)     attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the chapter 11 case, including the legal and administrative requirements of operating in chapter 11;

(c)     taking necessary action to protect and preserve the Debtor's estate, including the prosecution of actions commenced under the Bankruptcy Code on their behalf, and objections to claims filed against the estate;

(d)     preparing and prosecuting on behalf of the Debtor's motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(e)     advising and assisting the Debtor with respect to restructuring alternatives, including preparing and pursuing confirmation of a chapter 11 plan, including preparing and seeking approval of a disclosure statement;

(f)     appearing in Court and protecting the interests of the Debtor before the Court; and

(g)     performing all other legal services for the Debtor which may be necessary and proper in these cases.

## **Compensation and Fee Applications**

8.     Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of the Application, Armstrong Teasdale intends to:  (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered except as noted above; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[3]

9.     Armstrong Teasdale will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  At present, the standard hourly rates charged by Armstrong Teasdale, for the bankruptcy practice, range as follows:

| **Billing Category** | **U.S. RANGE** |
|---|---|
| Partners | $335 - $660 |
| Of Counsel | $300 - $575 |
| Associates | $225 - $405 |
| Paralegals | $110 - $305 |
| Law Clerks | $200 - $235 |

10.     The names, positions, resident offices and current hourly rates of those Armstrong Teasdale lawyers currently expected to spend significant time on this chapter 11 case are attached as Schedule 3 hereto.  Armstrong Teasdale's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to this chapter 11 case.  Further, I believe that Armstrong Teasdale bankruptcy

---

[3]     The hourly rates charged by Armstrong Teasdale professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident.  Armstrong Teasdale does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

professionals are subject to the same client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy engagements.  For all of these reasons, Armstrong Teasdale's rates are reasonable and favorable to the Debtor's estate.[4]

11.    Armstrong Teasdale will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any additional procedures that may be established by the Court in this chapter 11 case.[5]  In addition, Armstrong Teasdale understands that interim and final fee awards are subject to approval by this Court.

### Disclosure Concerning Disinterestedness

12.    The Debtor has provided Armstrong Teasdale with a list of the names (collectively, the "Interested Parties") of individuals or institutions in the following categories: (a) Current and Recent Former Entities Affiliated with the Debtor; (b) the Debtor's Insurers; (c) Counterparties to Significant Leases; (d) Counterparties to Significant Executory Contracts; (e) Counterparties to Current and Potential Litigation; (f) Utilities of the Debtor; (g) Taxing Authorities; (h) Bankruptcy Judges for the Western District of Missouri; (i) Attorneys for the U.S. Trustee; (j) Significant Vendors of the Debtor; (k) Top 20 Creditors of the Debtor; and (l) Other Vendors of the Debtor.  The identities of the Interested Parties are set forth on Schedule 1 hereto.

13.    To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtor, its

---

[4]    Like many of its peer law firms, Armstrong Teasdale increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of step increases in the ordinary course on the basis of advancing seniority and promotion.  The step increases do not constitute "rate increases" (as the term is used in the United States Trustee Guidelines).

[5]    In applying to the Court for payment of compensation and reimbursement of expenses, Armstrong Teasdale will also make reasonable efforts to comply with the United States Trustee Guidelines.

creditors, other parties in interest, its respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, Armstrong Teasdale researched its client database for the past two years to determine whether it had any relationships with the Interested Parties.  Armstrong Teasdale began running conflict checks on the parties in interest last month and continue to run conflict checks thereafter as new parties in interest are identified.   To the extent that Armstrong Teasdale's research of its relationships with the Interested Parties indicates that Armstrong Teasdale has represented in the past two years, or currently represents, any of these entities in matters unrelated to this chapter 11 case, the identities of these entities and such entities' relationship to the Debtor and connection to Armstrong Teasdale are set forth in Schedule 2 hereto.

14.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Armstrong Teasdale nor any partner, associate or other professional thereof has any connection with the Debtor, their creditors, the United States Trustee or any other party with an actual or potential interest in this chapter 11 case or their respective attorneys or accountants, except as set forth below and in Schedule 2 hereto.

15.     Armstrong Teasdale has not, does not and will not represent any entity other than the Debtor in this chapter 11 case.

16.     Prior to the Petition Date, Armstrong Teasdale performed certain legal services for the Debtor related to the filing, as described herein and in the Application.  After the completion of any necessary adjustments to the amount and application of the Retainer proceeds, the Debtor will not owe Armstrong Teasdale any amount for services performed prior to the Petition Date.

**Armstrong Teasdale Is a Disinterested Person**

17.     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, Armstrong Teasdale is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that:  (a) Armstrong Teasdale has no connection with the Debtor, its creditors, the United States Trustee, any person employed in the office of the United States Trustee or any other party with an actual or potential interest in this chapter 11 case or their respective attorneys or accountants, except as set forth herein; (b) Armstrong Teasdale is not a creditor, or insider of the Debtor; and (c) Armstrong Teasdale neither holds nor represents an interest materially adverse to the Debtor or its estate.  In or about 2011, Armstrong Teasdale was retained by Citizens Bank & Trust Company to draft certain loan documents related to a transaction with Park Reserve LLC.  In relation to that transaction, Armstrong Teasdale was asked to draft a reaffirmation of a guaranty granted by the Debtor to Citizens.  Such representation of Citizens Bank & Trust Company ended shortly upon completion of the transaction and the client and matter were closed in Armstrong Teasdale's systems in 2013.  (The attorney who worked on the matter left the firm around the same time.)  No further legal work was requested by, nor provided to, Citizens Bank & Trust Company since that time.  As set forth in the Application, to the extent any issue may arise in this case that is adverse to Citizens Bank & Trust Company, such issue shall not be handled by Armstrong Teasdale but by separate special counsel to the Debtor.

18.     In the event that Armstrong Teasdale's representation of the Debtor in connection with any matter in this chapter 11 case would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtor shall retain separate counsel to represent their interests with respect to such matter against such party.

## **Statement Regarding United States Trustee Guidelines**

19.    Armstrong Teasdale intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  As it has done in connection with the Application, Armstrong Teasdale also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the United States Trustee Guidelines in connection with the interim and final fee applications to be filed by Armstrong Teasdale in this chapter 11 case.

20.    The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the United States Trustee Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response:** | No.  The hourly rates Armstrong Teasdale will bill for this engagement are consistent with or less than the rates that Armstrong Teasdale charges other comparable chapter 11 clients, and the rate structure provided by Armstrong Teasdale is appropriate and is not significantly different from (a) the rates that Armstrong Teasdale charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response:** | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition |

engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

**Response:**      Armstrong Teasdale's current hourly rates for services rendered on behalf of the Debtor ranges as follows[6]:

| **Billing Category** | **U.S. RANGE** |
|---|---|
| Partners | $335 - $660 |
| Of Counsel | $300 - $575 |
| Associates | $225 - $405 |
| Paralegals | $110 - $305 |
| Law Clerks | $200 - $235 |

Armstrong Teasdale represented the Debtor during the twelve-month period before the Petition Date, using the hourly rates listed above.

**Question:**      Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:**      A budget has been discussed and approved among counsel and the client.

---

[6]      While the rate ranges provided for in this Application may change if an individual leaves or joins Armstrong Teasdale, and if any such individual's billing rate falls outside the ranges disclosed above, Armstrong Teasdale does not intend to update the ranges for such circumstances.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated:  August 5, 2021
            St. Louis, Missouri

/s/     *Richard W. Engel, Jr.*
Richard W. Engel, Jr., MO 34641
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone: (314) 621-5070
Facsimile:  (314) 612-2242
Email:  rengel@atllp.com

**Schedule 1**

**Interested Parties**

**CURRENT AND RECENT FORMER
ENTITIES AFFILIATED WITH THE
DEBTOR**

Aflac
Airgas
Anderson, Floyd
Anderson, Sharon
Avid Communications
Bachkora & Associates
Bachkora, Kevin
Baker Sterchi Cowden & Rice
Cass County Tax Collector
Central Bank of the Midwest
CIT Inc.
Citizens Bank & Trust Company
Clean Solutions Inc.
Custom Refrigeration Solutions
Delta Dental
Delta Vision
E3 HR Inc.
Employee Fiduciary LLC
Evergy
Fedex
First Land Investments LLC
Ford Motor Credit
Grainger
Heubel, Raymond
Humana
Image Quest
Johnson Controls
KCMO Water
KD Fastener
Klawuhn, Philip A.
My Dumpster Guy
Park Reserve LLC/The View 2001 LLC
Pitney Bowes
Plotner, Amanda
Praxair

Presto X Company
Reeder, Leslie Renee
Reeder, Sammy Jo
Republic Services
Robinson, Stacy Reeder
Shoppa Mid America
Speer, Dennis Andrew
State Farm
Sutherlands
The View 2001 LLC-penthouse 2001 at View
condos
Triad Capital Advisors
Triad Capital Advisors
Wilcox, Greg
Woodmen of the World
Yardi Systems Inc.

**DEBTOR'S PROFESSIONALS**
ARMSTRONG TEASDALE LLP

**LARGEST CREDITORS OF THE
DEBTOR**

Citizens Bank &Trust Company
Cyrus Contractor
Angelica Svendsen
IPFS
Philip A. Klawuhn & Associates
Eugene Trope
Evergy
Republic Services
Baker Sterchl Cowden Rice
Pioneer Village
CBD, Inc.
Lion's Plumbing
McDowell Rice Smith Buchanan
Service Master
Republic Services
Custom Refrigeration Solutions
Sutherlands

Marks Nelson  CPA
Richard Turner
Henrik Svendsen
Floyd Anderson


**INSURERS OF THE DEBTOR**

IPFS Corporation
Bukaty Companies

**COUNTERPARTS TO SIGNIFICANT
EXECUTORY CONTRACTS**

**COUNTERPARTIES TO CURRENT AND
POTENTIAL LITIGATION**

**UTILITIES OF THE DEBTOR**

Evergy
K C Water
Avid
Sprint
Hook N Haul

**TAXING AUTHORITIES**

**UNITED STATES BANKRUPTCY
JUDGES FOR THE WESTERN DISTRICT
OF MISSOURI**

Chief Judge Brian T. Fenimore
Judge Dennis R. Dow
Judge Cynthia A. Norton

## Schedule 2

**Interested Parties that Currently or have Previously Employed Armstrong Teasdale in Matters Unrelated to the Debtor or Their Chapter 11 Cases**

**Current and Recent Former Directors and Officers of the Debtor**
N/A

**Debtor's Professionals**
N/A

**Largest Creditors of the Debtor**
Citizens Bank & Trust Company

**Insurance Companies**
State Farm Insurance
Hartford

**Utilities of the Debtor**
Evergy

**Indenture Trustee**
N/A

**Other Vendors of the Debtor**
Tire Centers, Inc.
Sherwin Williams Company
David Miller
GRP
Amerigas
Crown Packaging

## Schedule 3

**Nonexclusive List of Certain Armstrong Teasdale Professionals
and Their Current Hourly Rates As of June 1, 2021**

| NAME | LOCATION | POSITION | BILLING RATE AS OF THE PETITION DATE |
|---|---|---|---|
| Richard Engel | St. Louis | Partner | $590 |
| Erin Edelman | St. Louis | Partner | $400 |
| Pamela Putnam | Kansas City | Of Counsel | $315 |
| Maxwell Feit | Boston | Associate | $325 |
| Brandi Vogt | St. Louis | Paralegal | $215 |

## **Exhibit C**

**Disclosure of Compensation of Armstrong Teasdale**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 21-40834-DRD |
| | ) | Chapter 11 |
| INTERSTATE UNDERGROUND | ) | |
| WAREHOUSE and INDUSTRIAL PARK, | ) | |
| INC. | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DISCLOSURE OF COMPENSATION OF ATTORNEYS**

I, Richard W. Engel, Jr., hereby certify as follows:

1.      On March 24, 2021, Armstrong Teasdale LLP ("Armstrong Teasdale") received $150,000.00 for services rendered on behalf of the Debtor and in contemplation or connection with this chapter 11 case (those funds, in addition to the remainder of the retainer provided for the restructuring efforts, referenced in the Amended Application to Retain and Employ Armstrong Teasdale, filed contemporaneously herewith, comprised the entirety of such funds).

2.      There is no agreement of any nature as to the sharing of any compensation to be paid to Armstrong Teasdale, other than sharing among the attorneys of Armstrong Teasdale.

Dated:  August 5, 2021          /s/    *Richard W. Engel, Jr.*
      St. Louis, Missouri          Richard W. Engel, Jr., MO 34641
                                     Armstrong Teasdale LLP
                                     7700 Forsyth Boulevard, Suite 1800
                                   St. Louis, MO  63105
                                   Telephone: (314) 621-5070
                                   Facsimile:  (314) 612-2242
                                   Email:  rengel@atllp.com

## **Exhibit D**

**Engagement Letter**

Thomas J. Fritzlen, Jr.

Direct **T** 816.221.3420  **F** 816.221.0786

tfritzlen@atllp.com

October 21, 2020

Via email:  leslieinphuket@hotmail.com

Leslie Renee Reeder
Interstate Underground Warehouse & Industrial Park Inc.
8201 East 23rd Street
Kansas City, MO 64129

**Re:**       **Representation**

Dear Ms. Reeder,

Thank you for selecting this firm to represent you in the restructuring of certain debts alleged against Interstate Warehouse & Industrial park, Inc.  This letter and the enclosed Standard Terms of Representation will describe the basis on which our firm will provide legal services to you.

As we have discussed, our client in this matter will be Interstate Underground Warehouse & Industrial Park, Inc. (the "Company").

We have been engaged to advise the Company in connection with restructuring certain financial obligations related to certain real estate developments.  We have agreed that our engagement is limited to performance of services related to this matter.  Because we are not your general counsel, our acceptance of this engagement does not involve an undertaking to represent you or your interests in any other matter.  We may agree with you to limit or expand the scope of our representation from time to time, provided that any such change is confirmed by us in writing.

Our engagement does not include any advice or other legal services relating to federal or state securities laws, including appearing or practicing before the U.S. Securities and Exchange Commission (SEC) or your disclosure obligations under such laws, and we understand that you will not, without our prior written consent, include documents or information we provide to you in any filings with federal or state securities regulators, including the SEC.

Further, we do not have responsibility for any tax matters and the scope of our representation will not include tax advice unless and until you specifically request, and we specifically agree, in writing.

October 21, 2020
Page 2

The principal basis for computing our fees will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates. These billing rates are subject to change from time to time. As explained in the enclosed Standard Terms of Representation, other factors also may be taken into consideration in determining our fees.

A retainer in the amount of $50,000.00 is due at this time which will be held in a trust until the conclusion of this engagement.

Additional information regarding fees and other important matters appears in the enclosed Standard Terms of Representation, which are incorporated as part of this letter and which you should review carefully before agreeing to our engagement. Please indicate your acceptance of the terms of this letter and the Standard Terms of Representation by signing and returning a copy of this letter. However, please note that your instructing us or continuing to instruct us on this matter will constitute your full acceptance of the terms set out above. Please call me if you have any questions.

Very truly yours,

Thomas J. Fritzlen, Jr.

TJF:scr

AGREED TO AND ACCEPTED:

*Interstate Underground Warehouse & Industrial Park, Inc.*

By: _____

Title: _Treasurer and Secretary_

Date: _21. October, 2020_

ARMSTRONG TEASDALE LLP

October 21, 2020
Page 3

**Armstrong Teasdale LLP**

**STANDARD TERMS OF REPRESENTATION**

This document sets forth the standard terms of our engagement as your lawyers. Unless modified in writing by mutual agreement, these terms will be an integral part of our agreement with you. Therefore, we ask that you review this document carefully and contact us promptly if you have any questions. You should retain this document in your file.

**The Scope of Our Work**

The legal services that we will provide to you are described in our engagement letter. Our representation is limited to performance of the services described in that letter and does not include representation of you or your interests in any other matter.

Any expressions on our part concerning the outcome of your legal matters are expressions of our best professional judgment, but are not guarantees. Such opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

It is our policy that the person or entity that we represent is the person or entity that is identified in our engagement letter and does not include any affiliates of such person or entity (*i.e.*, if you are a corporation or partnership, any parents, subsidiaries, employees, officers, directors, shareholders or partners of the corporation or partnership, or commonly owned corporations or partnerships; or, if you are a trade association, any members of the trade association). Accordingly, for conflict of interest purposes, we may represent another client with interests adverse to any such affiliate without obtaining your consent.

**Who Will Provide the Legal Services**

Customarily, each client of the firm is served by a principal lawyer contact. You are free to request a change of principal lawyer at any time. Subject to the supervisory role of the principal lawyer, your work or parts of it may be performed by other lawyers and legal assistants in the firm. Such delegation may be for the purpose of involving lawyers or legal assistants with special expertise in a given area or for the purpose of providing services on the most efficient and timely basis.

**Client Responsibilities**

You agree to pay our statements for services and expenses as provided below. In addition, you agree to be candid and cooperative with us and will keep us informed with complete and accurate factual information, documents and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us. Because it is important that we be able to contact you at all times to consult with you regarding your representation, you will inform us, in writing, of any changes in the name, address, telephone number, contact person, e-mail address, state of incorporation or other relevant changes regarding you or your business. Whenever we need your instructions or authorization in order to proceed with legal work on your behalf, we will contact you at the latest business address we

October 21, 2020
Page 4

have received from you. If you affiliate with, acquire, are acquired by, or merge with another company, you will provide us with sufficient notice to permit us to withdraw as your lawyer if we determine that such affiliation, acquisition, or merger creates a conflict of interest between any of our clients and the other party to such affiliation, acquisition, or merger, or if we determine that it is not in the best interests of the firm to represent the new entity.

### How Fees Will Be Set

The principal basis for computing our fees for the legal services we provide to you will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates. In addition, we may also consider:

- The novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

- The fee customarily charged in the locality for similar legal services;

- The amount of time or value of property involved and the results obtained;

- The time limitations imposed by you or by the circumstances, such as an emergency closing, the need for injunctive relief from court, or substantial disruption of other office business;

- The nature and length of our professional relationship with you;

- The experience, reputation, and ability of the lawyers performing the services.

The hourly rates of our lawyers and legal assistants are adjusted from time to time to reflect current levels of legal experience, changes in overhead costs, and other factors. We will keep records of the time we devote to your work, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on your behalf, and other related matters. We record our time in units of tenths of an hour.

We are often requested to estimate the amount of fees and costs likely to be incurred in connection with a particular matter. Whenever possible, we will furnish such an estimate based upon our professional judgment, but always with a clear understanding that it is not a maximum or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

### Costs

We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, computerized research, travel, fax charges, electronic delivery of court documents and search fees. Such expenses may also include filing fees, deposition costs, process servers, court reporters, and witness fees. You also agree to pay the charges related to copying or digital reproduction of documents for retention in our files. While our charges for these services are measured by use, they may not, in all instances, reflect our exact out-of-pocket costs. For many of these

ARMSTRONG TEASDALE LLP

items, the precise cost of providing the service is difficult to establish.  We would be pleased to discuss the specific schedule of charges for these additional services with you and to answer any questions that you may have.  If you would prefer, in some situations we can arrange for these services to be provided by third parties with direct billing to you.  You agree to indemnify Armstrong Teasdale for any claim made against us from an outside vendor for services rendered in connection with our representation of you.

Additionally, for efficiency, we may use the services of an affiliate of our firm, Lawgical Choice, to perform technical support such as document scanning, bulk printing, electronic file processing, electronic closing books, CD and DVD copying, document coding, electronic bates numbering, trial support, conversion of electronic files, or production of electronic files and you agree to pay the charges for such services.

### Charges

You authorize us to retain any investigators, consultants, or experts necessary in our judgment to represent your interests in the representation.  Their fees and expenses generally will not be paid by us, but will be billed directly to you.

### Billing Arrangements and Terms of Payment

We will bill you on a regular basis, normally each month, for both fees and disbursements.  You agree to make payments within 30 days of receiving our invoice.

We will give you prompt notice if your account becomes delinquent, and you agree to bring the account or the retainer deposit current.  If an invoice remains unpaid within sixty days of its date, we reserve the right to add a late charge of 1% per month on the unpaid balance, commencing from the date of the invoice and continuing until paid.  If the delinquency continues and you do not arrange satisfactory payment terms for outstanding invoices and the payment of future fees and expenses, we may suspend performing services for you and pursue collection of your account.  You agree to pay all costs of collection of delinquent invoices, including attorneys' fees and expenses, regardless of whether those fees are attributable to Armstrong Teasdale attorneys or outside attorneys engaged for the purpose of collection.

### Retainer and Trust Deposits

New clients of the firm are required to deposit a retainer with the firm.  Unless otherwise agreed, the retainer deposit will be credited toward your unpaid invoices, if any, at the conclusion of services.  At the conclusion of our legal representation or at such time as the deposit is unnecessary or is appropriately reduced, the remaining balance or an appropriate part of it will be returned to you.  If the retainer deposit proves insufficient to cover current expenses and fees at some point during the representation, it may have to be increased.

All trust deposits we receive from you, including retainers, will be placed in a trust account for your benefit.  Normally, pursuant to court rule, your deposit will be placed in a pooled account, and the

ARMSTRONG TEASDALE LLP

October 21, 2020
Page 6

interest earned on the pooled account will be payable to a charitable foundation. Other trust deposits will also be placed in the pooled account unless you request a segregated account.

## Termination

You may at any time terminate our services and representation upon written notice to us. Such termination shall not, however, relieve you of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on your behalf through the date of termination.

We reserve the right to withdraw from our representation as required or permitted by the applicable rules of professional conduct upon written notice to you. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the specified matter, and you agree to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal. We will be entitled to be paid for all services rendered and costs or expenses incurred on your behalf through the date of withdrawal. If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and you agree not to oppose our request.

Unless previously terminated, our representation of you in the specified matter will terminate upon our sending you our final statement for services rendered in the matter.

Following termination of our services, at your request, your papers and property will be returned to you upon receipt of payment for outstanding fees and costs. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement, and the Company agrees that unless the Company has otherwise notified us in writing, we will have the right to dispose of files relating to the Company's matter without notice after the matter has been concluded for five years.

After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you engage us after the conclusion of the matter to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise you with respect to future legal developments.

## Disputes

We look forward to a mutually productive relationship with you. If, however, you become dissatisfied for any reason with the fees charged or the services we have performed, we encourage you to bring that to our attention immediately. In particular, we expect you to raise any disagreements about the

ARMSTRONG TEASDALE LLP

October 21, 2020
Page 7

amount of our fees or the services for which you have been billed within the first thirty days after a bill has been sent to you.  We believe that most disputes between attorney and client can be resolved by good faith discussions between the parties and we therefore encourage you to bring such disputes and concerns to our attention as promptly as possible.

ARMSTRONG TEASDALE LLP