**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: | ) |
| | ) |
| INTERSTATE UNDERGROUND WAREHOUSE AND INDUSTRIAL PARK, INC., | ) Case No. 21-40834-DRD ) ) Chapter 11 |
| | ) |
| Debtor. | ) |

## DEBTOR'S MOTION TO QUASH WAYNE REEDER'S NOTICE OF RULE 2004 EXAMINATION

Interstate Underground Warehouse and Industrial Park, Inc. as debtor and debtor in possession in the above-captioned case (the "Debtor" or "IUW") respectfully states as follows in support of this motion (this "Motion") pursuant to FRBP 2004 and Local Rule 2004-1(B):

## INTRODUCTION

1. Sammy Jo Reeder ("Mrs. Reeder") is an individual currently residing in California, and is the Debtor's sole equity holder, and serves as its President.

2. On August 3, 2021, this Court held a hearing on the Debtor's Emergency Motion Seeking Entry of an Order Approving (I) Limited Post-Petition Financing Under 11 U.S.C. §364; (II) Use Property of the Estate Under 11 U.S.C. §363; and (III) Related Relief (Doc. #65 "The Emergency Motion") and Wayne Reeder's Objection ("Mr. Reeder") (Doc. #70). The Court issued a 21-day notice to give parties an opportunity to object and allow time for information exchange and expedited discovery. The Court stated that

> "I don't intend that this be used by any party as a lever to get at a variety of other disputes that may exist between the parties. We need to remain focused on the one remaining issue here, which is how should this transaction be characterized?" (Transcript pg. 10, lines 8-12).

3. On August 9, 2021, Mr. Reeder Reeder's ("Mr. Reeder") counsel filed a Notice of Rule 2004 Examination (the "Notice") (Doc. #86) requesting that Mrs. Reeder appear for a 2004 examination on August 25, 2021 and provide Mr. Reeder with certain documents. Debtor's Counsel reached out to Mr. Reeder's Counsel requesting additional time due to the overbroad document request as well as Counsel's scheduling conflicts. Mr. Reeder's Counsel was not agreeable to additional time, so given Local Rule 2004-1's requirement that any response to a Rule 2004 Notice be raised within seven days of the notice's issuance, Debtor files this Objection.

4. Mr. Reeder's Notice is ambiguous and has not designated in what capacity he wants Mrs. Reeder to testify. Debtor files this objection to the extent that the Notice is directed to Mrs. Reeder in her capacity as an officer of the Debtor.

## ARGUMENTS

### Debtor is unaware whether Mrs. Reeder has accepted service of a subpoena and given opportunity to object.

5. Debtor is unsure whether a subpoena has been served on Mrs. Reeder. The timeline for compliance (if a subpoena is served) is clearly unreasonable. Under Fed. R. Civ. P. 45 (made applicable to these proceedings by Bankruptcy Rule 9016), the party issuing the subpoena "must take reasonable steps to avoid imposing an undue burden" on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

6. The person commanded to produce the documents must serve an objection before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). In this case, whether or not a subpoena has now been served, the Notice requests that the documents be produced, and Mrs. Reeder appear for the examination, in a mere 9 days. The Notice also requests that Mrs. Reeder appear, via video, at 7:00 am local time in the

2

state of her residence, which is per se unduly burdensome. Accordingly, this timeline is already unreasonable, and the Notice should be quashed.

**The Emergency Motion Seeking Entry of an Order Approving (I) Limited Post-Petition Financing, (II) Use of Property of the Estate, and (III) Related Relief, and the Motion for Relief from Stay are contested matters, requiring discovery to be sought pursuant to Rule 7030**

7. Debtor objects to Mr. Reeder's proposed abuse of a Rule 2004 "fishing expedition" for the improper purpose of discovering evidence relating to two contested matters – the Emergency Motion and the Motion for Relief from Stay regarding Final Order (A) Authorizing the Debtor to Pay Prepetition Wages and Workforce Obligations, (B) Authorizing the Debtor to Maintain Workforce Programs and Pay Related Obligations, and (C) Granting Related Relief (Doc. #71, the "Motion for Relief"). Mr. Reeder has objected to the Emergency Motion (Doc. #70, the "Objection"). Because these are contested matters pursuant to Bankruptcy Rule 9014, Mr. Reeder must seek any examination pursuant to Federal Rule of Bankruptcy Procedure 7030, not Rule 2004. Mr. Reeder's 2004 Notice is thus an improper vehicle for the discovery it seeks.

8. The 1983 Notes of Advisory Committee to Rule 9014 explicitly includes relief from automatic stay as a contested matter. It goes on to say that "whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." "The well-recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to [Rules] 7026 et seq., rather than by a [Rule] 2004 examination." *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *accord In Re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 275 (Bankr. D.Colo. 1991); *In re Symington*, 209 B. R. 678, 685 (Bankr. D. Md. 1997); *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990)

9. Courts have also refused to permit discovery under Bankruptcy Rule 2004 when the entity requesting the examination is attempting to benefit in pending nonbankruptcy litigation. *See, e.g., Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) (the bankruptcy court did not abuse its discretion in denying document production under Rule 2004 where the appellant's primary motivation was to use the requested materials in state court litigation against the examinee), *aff'd*, 52 F.3d 1067 (5th Cir. 1995); *In re Bibhu LLC*, 2019 WL 171550 (Bankr. S.D.N.Y. Jan. 10, 2019) (denying Rule 2004 discovery sought by a creditor that had sued two nondebtors in state court because the creditor was seeking to use the Rule 2004 discovery for the improper purpose of obtaining discovery in the state court litigation); *accord In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002); *In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991).

10. Mr. Reeder has pending litigation against Mrs. Reeder, along with the Debtor and Mrs. Reeder's daughters, in *Wayne Reeder v. Sammy Jo Reeder, et al.*, Jackson County Circuit Court case 2016-CV12471 ("Mr. Reeder's 2020 Lawsuit"). As more fully set forth below, it becomes apparent that his primary motivation in the requested documentation for this 2004 examination is to use the materials in this state court case.

11. Accordingly, the Debtor requests that this Court either quash the 2004 Notice, or, alternatively, modify the Notice to fully comply with Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure and the scope of discovery the Court ordered at the August 3, 20201 hearing.

**Mr. Reeder is not an interested party and has no standing to conduct a 2004 examination.**

12. Notwithstanding his assertions in Mr. Reeder's 2020 Lawsuit, Mr. Reeder has repeatedly stated under oath, and to the United States Department of Justice office in Rhode Island,

4

that he has no interest or ownership in the Debtor,[1] and that he is not a creditor of the Debtor.[2]  His claims to the contrary are, at best, frivolous, baseless and without merit.  These document requests are only intended to harass the Debtor.  Because he is not a party in interest in these chapter 11 proceedings, he has no standing to conduct the 2004 examinations. Although Rule 2004 does not define the term "party in interest", 11 U.S.C. §1109(b) refers to parties in interest for purposes of the right to be heard in a Chapter 11 case.  For this purpose, a party in interest includes "the debtor, the trustee, a creditors' committee, an equity security holder's committee, a creditor, an equity security holder, or any indenture trustee…".  Mr. Reeder does not fall into any of these categories, and should not be heard in this case.

13. Accordingly, the Debtor requests that the Notice be quashed.

**The Notice is overbroad, unduly burdensome and oppressive.**

14. The examination of an entity under this rule or of the Debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition

---

[1] Mr. Reeder provided a sworn financial statement to the Department of Justice in 2018 in connection with his request to settle a $16,500,000 restitution award entered against him in connection with his conviction for wire fraud and interstate transportation of stolen property.  United States v. Reeder, case 1:9300041-002, affirmed United States v. George Wayne Reeder, 170 F.3d 93 (1st Cir. 1999), certiorari denied, Reeder v. United States, 528 U.S. 872 (1999).

Mr. Reeder asked that the restitution be settled for the payment of $10,000.  In response to questions from the Department of Justice, Mr. Reeder represented that he had no business holdings and was not a shareholder in any company. See Financial Statement attached as Exhibit A.  Mr. Reeder also gave sworn testimony on May 23, 2019 in the case styled Bird's Botanicals, Inc. v. Interstate Underground Warehouse, et al., Jackson County Case 1816-CV29012 and affirmatively answered "no" when asked if he owned Interstate Warehouse.  When asked whether Mrs. Reeder was the sole owner of Interstate, he answered "to my knowledge, yes. Tr. at p. 15. He then was asked if she (Mrs. Reeder) was the sole owner of Interstate Underground Warehouse and Industrial Park.  Mr. Reeder answered "Well, she's in charge of—of the—hundred percent owner of that corporation, yes." Tr. at p.15.  See excerpts collectively attached hereto as Exhibit B.

[2] There are no records of the Debtor owing Mr. Reeder any sums or consideration of any kind.  In Mr. Reeder's 2020 Lawsuit, without providing evidence of any kind, Mr. Reeder seeks payment from the Debtor on an alleged $4,750,000 note payable in his favor, allegedly executed in October 2004.   Again, the Debtor has no record of any such note, or Mr. Reeder ever providing such funds or consideration to the Debtor.  Notwithstanding his assertion in such lawsuit, again, Mr. Reeder has stated under oath to the Department of Justice in the above referenced proceedings, that he has no notes payable of any kind owed to him. On information and belief, Mr Reeder has provided other sworn statements to the Department of Justice, stating the same over the years in question. See Exhibit A.

5

of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan. Rule 2004(b)

15. "On timely motion, a district court shall quash or modify a subpoena if the subpoena fails to allow reasonable time for compliance, requires a witness who is not a party to travel more than 100 miles, requires disclosure of privileged or protected matter, or subjects a person to undue burden." *Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005) (*citing* Fed.R.Civ.P. 45©(3)(A)(iii). "A subpoena must also seek relevant information." Id. (*citing Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360-62 (8th Cir. 2003) & Fed. R. Civ. P. 26(b)(1).

16. The Notice includes several document requests that are irrelevant, unduly burdensome, and clearly relate to Mr. Reeder's 2020 Lawsuit:

> a. "Any written communications between Sammy Jo Reeder and Leslie. Reeder from January 1, 2019, to present." These are two individuals, mother and daughter, and many of their communications over the last 30 months likely have nothing to do with the Debtor or these Chapter 11 proceedings. This communication is irrelevant.

    b. "Copies of all bank statements from March 1, 2021, to present." Mrs. Reeder's personal bank statements are irrelevant and outside the scope of a 2004 examination.

    c. The Notice requests certain meeting minutes dating back over 40 years, to 1990. This is unreasonable, unduly burdensome, and impossible for Mrs. Reeder to do in her individual capacity within this timeline. She lives in California and the corporate records of debtor are located in Missouri.

    d. These requests are outside the scope of discovery as ordered by the Court at the August 3, 2021 hearing.

17. The Debtor wants to cooperate with any creditor or other parties in interest that request discovery or other relevant information. Mr. Reeder's requests are made in bad faith for the reasons stated above and consequently pull focus from the Debtor's goal of a successful reorganization.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting this motion and quashing the Notice in its entirety and granting it such other and further relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: August 16, 2021<br>Kansas City, Missouri | Respectfully submitted,<br>ARMSTRONG TEASDALE LLP |

*/s/ Pamela Putnam*
Pamela Putnam, MO 61158
2345 Grand Blvd. Suite 1500
Kansas City, MO 64108
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
Email: pputnam@atllp.com

- and -

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374 (admitted pro hac vice)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
Email: rengel@atllp.com
Email: eedelman@atllp.com

*Proposed Counsel to the Debtor*

**Certificate of Service**

I certify that on August 16, 2021, this document was filed with the court through the electronic filing system and was therefore served upon all attorneys of record in this case who were registered users through the electronic filing system.

*/s/ Pamela R. Putnam*_____