### IN THE UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF MISSOURI (KANSAS CITY)

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Interstate Underground Warehouse and** | ) | Case No. 21-40834 |
| **Industrial Park, Inc.,** | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

### CONSENT ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Eric Schulte and Kevin Kraft (collectively, the "**Movants**") filed their Motion for Relief from the Automatic Stay (the "**Motion**") (Doc. 97) to allow them to pursue their State Court Litigation. The Debtor filed the *Debtor's Response to the Motion for Relief from the Automatic Stay* (Doc. 146) (the "**Response**"), and the Movants and the Debtor have subsequently reached an agreement on the Motion and the Response, as contained herein. Upon consideration of the pleadings and the record as a whole, it is therefore,

**ORDERED, ADJUDGED AND DECREED** as follows:

1. That the Motion be, and is hereby GRANTED as set forth herein.

2. That pursuant to Section 362(a) of the Bankruptcy Code, relief from stay is granted for Movants to prosecute the State Court Litigation to judgment or other resolution.

3. The automatic stay is modified to permit Movants to (a) continue the State Court Litigation against the Debtor to final judgment or other disposition as to the Debtor and non-debtor defendants and (b) execute, levy, and collect upon any judgment rendered in the State Court Litigation from non-debtor defendants, non-debtor sources, or applicable insurance policies, if any, and not from the Debtor, its estate, its successors, its property, except that the Movants reserve their rights to file a proof of claim and/or amend their proof of claim to assert any alleged deficiency balance after recovery, if any, from insurance proceeds or non-debtor assets. Nothing herein shall be construed as an allowance of any proof of claim or claim amendment that Movants

15985596.v1

file or have filed in this case, and the Debtor reserves all rights to object to such proof of claim and/or claim amendment and seek disallowance thereof, and the Debtor's defenses are expressly reserved.

4. This Order has no impact on any rights of the parties or any insurers to assert or dispute the applicability and enforceability of any allegedly applicable insurance policies and any rights are reserved with respect thereto.

5. The Debtor does not stipulate, agree, represent, or warrant that the Debtor is liable for or will fund any amounts in connection with the State Court Litigation. Any payments made on account of claims and/or damages alleged and/or asserted in the State Court Litigation are subject to the terms, conditions, exclusions, and limitations contained in any applicable insurance policies.

6. Nothing herein (a) alters, amends or otherwise modifies (i) the terms, conditions, exclusions, and limitations found in any applicable insurance policy or of any agreements related thereto, (b) relieves the Debtor of any of its obligations under any applicable insurance policy or of any agreements related thereto; (c) creates or permits a direct right of action for Movants against any applicable insurers unless otherwise provide for by applicable state law, (d) precludes or limits, in any way, any insurer's rights or ability to contest and/or litigate the existence, primacy, and/or scope of available coverage under the applicable policy; (e) constitutes a determination or admission that coverage exists with respect to any claims; or (f) relieves Movants from their obligation, if any, to file a proof of claim. For the avoidance of doubt, the automatic stay is lifted, if and to the extent applicable, to allow, but not to require, the Debtors' insurers to administer, handle, defend, settle, and/or pay Movants' claims (and any costs related thereto) subject to and in accordance with the terms of any applicable insurance policies and related agreements.

15985596.v1

7. Nothing contained in this Order shall be deemed a waiver of the rights or remedies of Movants with respect to any available insurance coverage or recovery from any non-debtor parties.

8. By entering into this Consent Order, no party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the State Court Litigation, except as otherwise provided in this Order.

9. Neither this Order nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties other than as may be necessary to do the following: (a) obtain approval of or to enforce this Order, (b) seek damages or injunctive relief in connection with any violation(s) of the terms of this Order, or (c) inform the State Court that the automatic stay is being modified for the sole, limited purpose of allowing Movants and parties to the State Court Litigation to effectuate the relief set forth herein.

10. That this Order is effective immediately upon entry and not stayed per Rule 4001(1)(3).

11. Except as otherwise contained herein, that this Order shall not be automatically modified or affected by any subsequent development in the case including, but not limited to, dismissal, conversion, appointment of a trustee, or confirmation of any plan of reorganization, and the terms of this Order shall survive and continue following dismissal, conversion, appointment of a trustee, or confirmation of any plan of reorganization. However, the Debtor and the Movants reserve all rights to seek a Court order amending or modify the order.

12. The Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Order.

15985596.v1

Dated: October 6, 2021

*/s/ Dennis R. Dow*
THE HONORABLE DENNIS R. DOW
U. S. BANKRUPTCY COURT JUDGE

Submitted by:

SANDBERG PHOENIX & von GONTARD P.C.

/s/ *Sharon L. Stolte*
Sharon L. Stolte, MO #41133
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
Tel: 816.627.5543 Fax: 816.627.5532
sstolte@sandbergphoenix.com
*ATTORNEY FOR ERIC SCHULTE and*
*KEVIN KRAFT*


ARMSTRONG TEASDALE LLP

/s/ *Erin M. Edelman*
Richard W. Engel, Jr., MO #34641
Erin M. Edelman, MO #67374 (admitted pro hac vice)
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Tel: (314) 621-5070
Fax: (314) 612-2239
rengel@atllp.com
eedelman@atllp.com
*COUNSEL FOR DEBTOR*

15985596.v1