**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTERSTATE UNDERGROUND WAREHOUSE ) | Case No. 21-40834-DRD |
| AND INDUSTRIAL PARK, INC. ) | Chapter 11 |
| ) | |
| <u>         Debtor.                                </u>) | |

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER
CONFIRMING INAPPLICABILITY OF THE AUTOMATIC STAY
<u>TO SALE OF REAL PROPERTY BY NON-DEBTOR SUBSIDIARY</u>**

COMES NOW Creditor, Wayne Reeder, by and through Counsel, Colin N. Gotham, of Evans & Mullinix, P.A., and for his Objection to the Debtor's Motion for Entry of an Order Confirming Inapplicability of the Automatic Stay to Sale of Real Property by Non-Debtor Subsidiary (Doc. 158) states as follows:

1. **Creditor does not oppose the sale of the subject property, but the automatic stay is applicable, and the Debtor must seek permission to sell assets outside the ordinary course.**

Creditor does not object to the sale of the subject property as the property appears to be completely encumbered. Creditor does object, however, to the Debtor's position that the Debtor does not need to seek Court permission for the sale of one of the Debtor's largest assets.

The bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case, subject to certain exceptions, which do not exclude equity ownership in a legal entity from the estate. 11 U.S.C. 541(a)(1). Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of §541. *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). The

00915579

estate includes all the debtor's property, regardless of geographic location. *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998, cert. denied, 199 S.Ct. 1032 (1999). §541 includes the debtor's interest in both tangible and intangible property. *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 114 B.R. 865, 869 (Bankr. S.D.N.Y. 1990), aff'd, 124 B.R. 426 (S.D.N.Y. 1991). The meaning and intent of Bankruptcy Code §541, and the Debtor's own admission within Debtor's motion, demonstrate that the Debtor's equity interest in the wholly owned subsidiary, Interstate Underground Warehouse LLC ("IUW LLC"), is part of the Debtor's bankruptcy estate.

2. **Adverse economic impact to Debtor's estate violates the automatic stay without Court permission.**

The sale of the one of the Debtor's largest assets would have an adverse economic impact to the Debtor's estate and violates the automatic stay without Court permission. The Debtor cites *In re Panther Mountain Land Development, LLC*, 686 F.3d 209 (4th Cir. 2007) to support its motion. However, *In re Panther* can be distinguished, because *In re Panther* dealt with bringing a claims against a wholly owned subsidiary. *Id*. However, the Debtor in this case is seeking to sell all or substantially all of the assets of its wholly owned subsidiary. But even *In re Panther* recognized potential exceptions to extending the automatic stay when the identity between parties is so great as to make a judgment against the third-party defendant, in effect, a judgment or finding against the debtor. *Id* at 923. *In re Panther* also considered the possibility that "a substantial impact" on the value of estate property could merit extending the automatic stay to a wholly owned subsidiary. *Id* at 924 (rejecting the argument only because the evidence presented

did not show substantial impact to the estate). Clearly the proposed $3.8 million sale is a substantial impact to the Debtor's bankruptcy estate.

The automatic stay can apply to non-debtors, particularly wholly owned subsidiaries, but normally does so only when a claim against the non-debtor will have <u>an immediate adverse economic consequence for the debtor's estate</u>. *Queenie, Ltd. V. Nygard Intern.*, 321 F.3d 282, 287-88 (2nd Cir. 2003). *Queenie* represents precedential holdings that are more directly applicable to considering the sale of a wholly owned subsidiary's assets and supports the policy of bankruptcy law of protecting the value of the estate.

The Debtor's argument on page 5 of the Motion of Entry of an Order Confirming Inapplicability of Automatic Stay is an oversimplification of bankruptcy law. The Debtor argues, in paragraphs 19-20, that the proposed sale of IUW LLC's assets would not alter the property of the bankruptcy estate simply because the Debtor will still own the same percentage membership interest in IUW LLC after the sale, as originally owned. However, the <u>value</u> of that membership interest will almost entirely disappear, resulting in an "immediate adverse economic consequence" to the bankruptcy estate. Therefore, the automatic stay under Bankruptcy Code Sec. 362 does apply to the sale of property being requested.

Other cases have applied similar rationale to their opinions. See *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2nd Cir. 1987) ("If action taken against the non-bankrupt party would inevitably have an adverse impact on property of the bankrupt estate, then such action should be barred by the automatic stay."); see also *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653, F.3d 755, 763 (8th Cir. 2011) ("[T]he automatic stay will apply to non-debtors only when 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'").

3. **Creditor does not oppose the sale of the subject property but may oppose future sales of other alleged wholly owned subsidiaries, and the Debtor must seek permission of any future sales of each alleged wholly owned subsidiary**.

The Debtor lists various alleged wholly owned subsidiaries on p. 41 of Schedule B (Doc. 1). Creditor does not object to the sale of the subject property as it is believed to be fully encumbered. Creditor does not want to not object and appear to take the position that the Debtor does not need Court permission to sell alleged wholly owned subsidiaries of the Debtor. The Debtor must seek permission to sell said alleged wholly owned subsidiaries as each sale would be outside the ordinary course and have a substantial impact on the Debtor's bankruptcy estate.

4. **If the automatic stay does not apply to sales of wholly owned subsidiaries, then creditors may pursue the alleged wholly owned subsidiaries without violating the automatic stay.**

If the Court does not believe that the automatic stay is applicable to the sale of the assets of the alleged wholly owned subsidiaries, then the Creditor seeks a clear order that creditors may pursue the alleged wholly owned subsidiaries without violating the automatic stay.

WHEREFORE, Creditor Wayne Reeder and prays that the Court deny the Debtor's Motion for Entry of an Order Confirming Inapplicability of the Automatic Stay to Sale of Real Property by Non-Debtor Subsidiary and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538; MO #52343
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorneys for Creditor Wayne Reeder*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2021, a true and correct copy of the foregoing Objection was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

                                        */s/ Colin N. Gotham*
                                        Colin N. Gotham