**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI (KANSAS CITY)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Interstate Underground Warehouse and** | ) | **Case No. 21-40834** |
| **Industrial Park, Inc.,** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |

**CONSENT ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Ashley Morgan, Ian Young, and Danielle Young (collectively, the "**Movants**") filed their *Joint Motion for Relief from Automatic Stay to Recover Insurance Proceeds* (the "**Motion**") (Doc. 142) to allow them to continue pursuing the cases styled *Ashley Morgan v. Park Reserve, LLC et. al.*, cause number 1916-CV09195, and *Ian G. Young et al. v. Park Reserve, LLC et al.*, cause number 1916-CV02432 (collectively, the "**State Court Litigation**"). The Debtor filed the *Debtor's Response to the Joint Motion for Relief from the Automatic Stay to Recover Insurance Proceeds* (Doc. 161) (the "**Response**"), and the Movants and the Debtor have subsequently reached an agreement on the Motion and the Response, as contained herein. Upon consideration of the pleadings and the record as a whole, it is therefore,

**ORDERED, ADJUDGED AND DECREED** as follows:

1.      That the Motion be, and is hereby GRANTED as set forth herein.

2.      That pursuant to Section 362(a) of the Bankruptcy Code, relief from stay is granted for Movants to prosecute the State Court Litigation to judgment or other resolution.

3.      The automatic stay is modified to permit Movants to (a) continue the State Court Litigation against the Debtor to final judgment or other disposition as to the Debtor and non-debtor defendants and (b) execute, levy, and collect upon any judgment rendered in the State Court Litigation from non-debtor defendants, non-debtor sources, or applicable insurance policies, if any, and not from the Debtor, its estate, its successors, its property, except that the Movants reserve

15726381.3

their rights to file a proof of claim and/or amend their proof of claim to assert any alleged

deficiency balance after recovery, if any, from insurance proceeds or non-debtor assets. Nothing

herein shall be construed as an allowance of any proof of claim or claim amendment that Movants

file or have filed in this case, and the Debtor reserves all rights to object to such proof of claim

and/or claim amendment and seek disallowance thereof, and the Debtor's defenses are expressly

reserved.

4.     This Order has no impact on any rights of the parties or any insurers to assert or

dispute the applicability and enforceability of any allegedly applicable insurance policies and any

rights are reserved with respect thereto.

5.     The Debtor does not stipulate, agree, represent, or warrant that the Debtor is liable

for or will fund any amounts in connection with the State Court Litigation. Any payments made

on account of claims and/or damages alleged and/or asserted in the State Court Litigation are

subject to the terms, conditions, exclusions, and limitations contained in any applicable insurance

policies.

6.     Nothing herein (a) alters, amends or otherwise modifies (i) the terms, conditions,

exclusions, and limitations found in any applicable insurance policy or of any agreements related

thereto, (b) relieves the Debtor of any of its obligations under any applicable insurance policy or

of any agreements related thereto; (c) creates or permits a direct right of action for Movants against

any applicable insurers unless otherwise provide for by applicable state law, (d) precludes or limits,

in any way, any insurer's rights or ability to contest and/or litigate the existence, primacy, and/or

scope of available coverage under the applicable policy; (e) constitutes a determination or

admission that coverage exists with respect to any claims; or (f) relieves Movants from their

obligation, if any, to file a proof of claim.  For the avoidance of doubt, the automatic stay is lifted,

if and to the extent applicable, to allow, but not to require, the Debtors' insurers to administer,

2

15726381.3

handle, defend, settle, and/or pay Movants' claims (and any costs related thereto) subject to and in accordance with the terms of any applicable insurance policies and related agreements.

7.     Nothing contained in this Order shall be deemed a waiver of the rights or remedies of Movants with respect to any available insurance coverage or recovery from any non-debtor parties.

8.     By entering into this Consent Order, no party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the State Court Litigation, except as otherwise provided in this Order.

9.     Neither this Order nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties other than as may be necessary to do the following: (a) obtain approval of or to enforce this Order, (b) seek damages or injunctive relief in connection with any violation(s) of the terms of this Order, or (c) inform the State Court that the automatic stay is being modified for the sole, limited purpose of allowing Movants and parties to the State Court Litigation to effectuate the relief set forth herein.

10.    That this Order is effective immediately upon entry and not stayed per Rule 4001(1)(3).

11.    Except as otherwise contained herein, that this Order shall not be automatically modified or affected by any subsequent development in the case including, but not limited to, dismissal, conversion, appointment of a trustee, or confirmation of any plan of reorganization, and the terms of this Order shall survive and continue following dismissal, conversion, appointment of a trustee, or confirmation of any plan of reorganization. However, the Debtor and the Movants reserve all rights to seek a Court order amending or modify the order.

3

15726381.3

12.    The Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Order.

Dated:  October 13, 2021

/s/ Dennis R. Dow
THE HONORABLE DENNIS R. DOW
U. S. BANKRUPTCY COURT JUDGE

Submitted by:

SHAFFER, LOMBARDO, SHURIN, P.C.
By: /s/ Peter F. Rottgers
Peter F. Rottgers # 65671
2001 Wyandotte Street
Kansas City, MO 64108
816-931-0500/FAX: 816-931-5775
prottgers@sls-law.com

**Attorney for Movants Ashley Morgan, Ian Young, and Danielle Young**

ARMSTRONG TEASDALE LLP
/s/ Pamela Putnam
Pamela Putnam, MO 61158
2345 Grand Blvd. Suite 1500
Kansas City, MO 64108
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
Email: pputnam@atllp.com

- and –

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374 (admitted pro hac vice)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
Email: rengel@atllp.com
Email: eedelman@atllp.com

*Proposed Counsel to the Debtor*

4

15726381.3

5