IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI (KANSAS CITY)

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **Interstate Underground Warehouse and** | )    Case No. 21-40834 |
| **Industrial Park, Inc.,** | ) |
| | )    Chapter 11 |
| Debtor. | ) |

**INTERIM ORDER GRANTING JOINT MOTION FOR APPROVAL OF INTENDED COMPROMISE BETWEEN DEBTOR, ERIC SCHULTE AND KEVIN KRAFT AND PARK RESERVE, LLC PURSUANT TO FED. R. BANKR. P. 9019**

This matter comes on for hearing on Joint Motion for Approval of Intended Compromise between Debtor, Eric Schulte And Kevin Kraft and Park Reserve, LLC (the "Parties"). Eric Schulte and Kevin Kraft (collectively, the "**Plaintiffs**") appeared by and through their counsel, Sharon L. Stolte, of Sandberg Phoenix & von Gontard P.C., Interstate Underground Warehouse and Industrial Park, Inc., appeared by and through its proposed Bankruptcy counsel, Erlene W. Krigel of Krigel & Krigel, P.C., and the United States Trustee appeared by and through counsel Adam E. Miller. The Motion for Approval of Intended Compromise was filed jointly between the parties, with the consent of non-Debtor Park Reserve, LLC, by and through its State Court Litigation counsel, Michael D. Hufft of Hufft & Maginn, LLC and Michael L. Brown and Bryan R. Kelly of Wallace Saunders, P.C., the consent of Debtor's State Court Litigation counsel, E. Ben Thames and Emily B. Allison of Maron Marvel Bradley Anderson & Tardy, LLC, and the consent of non-Debtor George Wayne Reeder, by and through his State Court Litigation counsel C. Zachary Vaughn and Brent L. Salsbury of Wiedner & McAuliffe, Ltd (the "**Settlement Motion**"). The United States Trustee filed an objection [*DOC. 188*] to the Settlement Motion. No other objections were filed to the Settlement Motion. Upon consideration of the pleadings and the record as a whole, and the Court being duly advised in the premises, having considered arguments and statements of counsel, does hereby find as follows:

16051652.v1
16094735.v1

1.	The Parties filed a Joint Motion to Compromise Controversy and Joint Motion to Shorten Time on October 15, 2021 [*DOC. 182 and 183*].

2.	The Court entered an Order shortening time to file objections to the Joint Motion to Compromise Controversy, with objections due on or before October 21, 2021, at 5:00 PM (CST) [*DOC. 184*], as pending state court litigation was set for trial on October 25, 2021.

3.	Notice was adequate and appropriate as to all entities affected or to be affected by the Settlement Motion.

4.	The United States Trustee filed an objection to the Settlement Motion on October 21, 2021 [*DOC. 188*] ("TE Objection").

5.	The parties have resolved the TE Objection by providing additional information about the settlement between the parties as further set forth herein.

6.	The settlement between the parties is funded exclusively from proceeds from four insurance policies, issued by three insurance companies, where the named insured for two of the policies is Park Reserve, LLC, and the named insured for two of the policies is the Debtor ("Settlement Proceeds").[1]

---

[1] During the October 22, 2021, Hearing, counsel for Schulte and Kraft represented that there were three policies funding the settlement, only one of which was issued to Debtor. Counsel has since learned that this representation was incorrect; there are four insurance policies, issued by three insurance companies, funding the settlement. Two of the four insurance policies were issued to Debtor, with the other two issued to non-Debtor Park Reserve, LLC.

2

7. That should the matter go to trial, it is possible that any judgment entered in favor of Plaintiffs might completely exhaust all available insurance policy limits and would potentially leave a deficiency claim against the Debtor's estate.

8. The Settlement Proceeds arise out of four separate insurance policies issued by three insurance companies, Cincinnati Specialty Underwriters Insurance company ("Cincinnati"), Hudson Specialty Insurance Company ("Hudson"), and Nautilus Insurance Company ("Nautilus").

9. The Settlement Proceeds account for no greater than the following percentages of each of these insurance policies:

    a. Cincinnati Policy CSU0120821:    5% of the Policy Aggregate

    b. Cincinnati Policy CSU0110350:    11.87% of the Policy Aggregate

    c. Hudson Policy HBD-10023394:    5% of the Policy Aggregate

    d. Nautilus Policy NN862576:    15% of the Policy Aggregate

10. The Court finds the proposed settlement is made in good faith, is fair and reasonable under the facts and circumstances of this case and in the best interests of the parties and the Debtor's estate, and the settlement agreement, as set forth herein, should be approved by the Court.

11. The Settlement Proceeds will be delivered to Plaintiffs within seventy-two (72) hours upon entry of a final order approving the Settlement Motion. As outlined below, this order will become final on November 9, 2021, unless an objection is filed prior to 5:00 p.m. on November 9, 2021.

16051652.v1
16094735.v1

12. Plaintiffs shall retain fee title ownership of the Property;

13. The Settlement Agreement does not represent any acknowledgement of any wrongdoing or liability by the parties. The parties shall not make, or cause to be made, any statement or communications by any means, including but not limited to electronic communications through the internet or social media, that disparage the reputation and business of the others.

14. The Parties and their counsel have agreed that they shall keep the terms of the Settlement Agreement confidential including the settlement amount and shall not disclose or cause to be disclosed to anyone or any entity, except pursuant to a valid subpoena or court order or any other legal process requesting or requiring production of the Settlement Agreement or as set forth herein;

15. Upon receipt of the Settlement Proceeds by Plaintiffs, the State Court Litigation will be dismissed, with each party to bear their own costs.

16. Any claims filed or to be filed by Plaintiffs in bankruptcy proceedings involving the Debtor (or any other settling defendants) shall be disallowed and deemed amended to reflect an asserted debt of zero dollars without further order from the Bankruptcy Court. Plaintiffs shall not receive any recovery from the Debtor, its estate, its successors, its property (other than applicable insurance policies), and not from any claims distribution pool established in the bankruptcy case for the payment of claims.

17. Because additional disclosures concerning the Settlement Agreement were provided at the hearing and set forth herein, the Court will grant the Settlement Motion and approve

the Settlement Agreement, **subject to any objections to be filed on or before November 9, 2021, at 5:00 p.m. Central Time**. Should any objection be filed, the Court will notice the matter up for hearing at a date and time to be determined.

Accordingly, it is therefore,

**ORDERED, ADJUDGED AND DECREED** that the Settlement Motion be, and is hereby GRANTED on an interim basis pursuant to Fed. R. Bankr. P. 9019, **subject to any objections to be filed on or before November 9, 2021, at 5:00 p.m. Central Time**; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Settlement Agreement between the Debtor, the Plaintiffs and Park Reserve be, and it is hereby approved, on an interim basis, subject to any objections to be filed on or before **November 9, 2021, at 5:00 p.m. Central Time**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that should no objections be filed to this Order, the Court may issue a final order without notice or hearing immediately thereafter.

Dated:  October 26, 2021

>   */s/ Dennis R. Dow*
>   THE HONORABLE DENNIS R. DOW
>   U. S. BANKRUPTCY COURT JUDGE

16051652.v1
16094735.v1

Submitted by:

SANDBERG PHOENIX & von GONTARD P.C.

/s/ *Sharon L. Stolte*
Sharon L. Stolte, MO #41133
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
Tel: 816.627.5543 Fax: 816.627.5532
sstolte@sandbergphoenix.com
*ATTORNEY FOR ERIC SCHULTE and KEVIN KRAFT*


KRIGEL & KRIGEL, P.C.

*/s/ Erlene W. Krigel*
Erlene W. Krigel, No. 29416
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Telephone: (816) 756-5800
Facsimile: (816) 756-1999
*ATTORNEYS FOR DEBTOR*


Daniel J. Casamatta
ACTING UNITED STATES TRUSTEE

BY:  */s/ Adam E. Miller*
Adam E. Miller, MO Bar #65429
Trial Attorney
Office of the United States Trustee
Charles Evans Whittaker Courthouse
400 East 9th Street, Room 3440
Kansas City, MO 64106
(816) 512-1940
(816) 512-1967 Telecopier
adam.e.miller@usdoj.gov


**NOTICE OF PROPOSED FINAL ORDER**

Any response or objection to the relief sought in this order must be filed by November 9, 2021, by 5:00 PM Central Time, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106.

16051652.v1
16094735.v1

Pursuant to Local Rule 9013-1D, responses shall address the merits of the proposed order and, if applicable, set out actions to remedy the problem. The Court will serve such response electronically on the United States Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

     If no response is timely filed, the Court will enter a final order without further notice or a hearing.

     For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

16051652.v1
16094735.v1