# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

**In re:**

**INTERSTATE UNDERGROUND WAREHOUSE AND INDUSTRIAL PARK, INC.**

                          **Debtor.**

Case 21-40834
Chapter 11

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of Interstate Underground Warehouse and Industrial Park, Inc. ("Debtor") for an order pursuant to *F.R.B.P. 3003*(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors, and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefore, it is hereby

ORDERED that except as otherwise provided, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on July 1, 2021 (the "Filing Date") shall file a proof of such claim in writing so that it is received on or before December 3, 2021, and it is further

**ORDERED** that the following procedures for filing of Proofs of Claim shall apply:

    (a)    Proofs of Claim must conform substantially to Official Bankruptcy Form No. B410;

    (b)    Attorneys and employees of institutional creditors should file Proofs of Claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") System. Those without accounts to the CM/ECF System must either file their Proofs of Claim by mailing or delivering the original Proof of Claim by hand to the Clerk of the United States Bankruptcy Court, 400 East Ninth Street, Room 1510, Kansas City, Missouri 64106 or by using the Court's website

*http://www.mow.uscourts.gov/bankruptcy/ePOC.html* and use the ePOC program; and

(c)    Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

**IT IS FURTHER ORDERED** THAT THE FOLLOWING PERSONS OR ENTITIES NEED NOT FILE A Proof of Claim on or prior to the Bar Date:

(a)    Any person or entity that has already filed a Proof of Claim against the Debtor with the Clerk of the Bankruptcy Court for the Western District of Missouri in a form substantially similar to Official Bankruptcy Form No. B410;

(b)    Any person or entity whose clam is listed on the Schedules filed by the Debtor, unless (i) the claim is scheduled as "disputed," "contingent" or "unliquidated"; or (ii) the claimant does not agree with the amount, nature and priority of    the claim as set forth in the Schedules;

(c)    Any holder of a claim that heretofore has been allowed by order of this Court;

(d)    Any person or entity whose claim has been paid in full by the Debtor; and

(e)    Any holder of a claim allowable under § 503(b) and § 507(a)(2) of the    Bankruptcy Code as an expense of administration.

**IT IS FURTHER ORDERED** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a Proof of Claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED** that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim

relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED** that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED** that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED** that pursuant to *Bankruptcy* Rule 3003*(c)*(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED** that a copy of this Order shall be deemed adequate and sufficient notice if served by first class mail no more than 10 days from the date of this Order on:

(a)    the United States Trustee;

(b)    counsel to each official committee;

(c)    all persons or entities that have requested notice of the proceedings in the Chapter 11 case;

(d)    all persons or entities that have filed claims;

(e)    all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f)    all parties to executory contracts and unexpired leases of the Debtor;

(g)    all parties to litigation with the Debtor;

(h)    the Internal Revenue Service for the district in which the case is pending, and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

    (i)  such additional persons and entities as deemed appropriate by the Debtor.

**IT IS FURTHER ORDERED** that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED** that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that entry of this Order is without prejudice to the right of the Debtor to seek further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such Proofs of Claim or Interest or be barred from doing so.

**Dated:   November 1, 2021**

                 */s/ Dennis R. Dow*
                 The Honorable Dennis R. Dow,
                 **United States Bankruptcy Judge**

Submitted by:
Erlene W. Krigel MO 29416
KRIGEL & KRIGEL, P.C.
4520 Main Street Suite 700
Kansas City MO 64111
(816) 756-5800
ekrigel@krigelandkrigel.com
ATTORNEYS FOR DEBTOR