# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# AT KANSAS CITY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTERSTATE UNDERGROUND WAREHOUSE ) | Case No. 21-40834-DRD |
| AND INDUSTRIAL PARK, INC.   ) | Chapter 11 |
| ) | |
| Debtor.   ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Creditor, Wayne Reeder ("Movant"), by and through Counsel, Colin N. Gotham, of Evans & Mullinix, P.A., and pursuant to 11 U.S.C. § 362(d)(2) of the U.S. Bankruptcy Code, states the following Motion for Relief from the Automatic Stay:

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction over this Motion.

2. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue for this Motion is properly before this Court.

3. Pursuant to 28 U.S.C. § 157(b)(2)(G), this Motion represents a core matter.

### PREDICATES FOR RELIEF

4. This Motion is brought pursuant to 11 U.S.C. § 362(d)(2) of the U.S. Bankruptcy Code and is a contested matter within the meaning of Federal Rules of Bankruptcy Procedure 4001 and 9014.

### STATEMENT OF FACTS

5. Movant, Wayne Reeder, is the Plaintiff in *Wayne Reeder v. Sammy J. Reeder et al*, Case 2016-CV12471 ("the Lawsuit"), filed in the Circuit Court of Jackson County, Missouri ("the Circuit Court). The Lawsuit was filed on May 29, 2020 more than a year before the bankrutpcy case was filed. The Lawsuit alleges claims for Breach of Fiduciary Duty and Civil Conspiracy, as well as a Petition on Note and Request for Receivership. A copy of the Docket Sheet for the Lawsuit is attached as Exhibit A and is incorporated by reference. The Lawsuit essentially requests the state court to decide who owns Interstate Underground Warehouse and Industrial Park, Inc.  Movant also attaches a copy of his Petition as Exhibit B and incorporates the same by reference.

00918523

6. Interstate Underground Warehouse and Industrial Park, Inc. is named as a Co-Defendant in the Lawsuit. (Exhibits A and B).

7. In addition to Debtor, the Lawsuit names Sammy Jo Reeder, Leslie R. Reeder, and Stacy Reeder Robinson as Co-Defendants. (Exhibits A and B).

8. Absent an Order granting Stay Relief from this Court, Movant will be unable to proceed to trial against Debtor and the other Co-Defendants in the same proceeding.

9. Upon information and belief, Co-Defendants, other than the Debtor, have not sought bankruptcy relief.

## STANDARD OF REVIEW

10. Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay may be lifted "for cause" to allow litigation involving debtor to proceed in another forum under certain circumstances. In re Blan (Blan v. Nachoddoches County Hospital), 237 B.R. 737 (8th Cir. BAP 1999); See also, In re Wiley, 288 B.R. 818 (8th Cir. BAP 2003). Though a creditor moving for stay relief must make a prima facie showing that cause exists, debtor maintains the ultimate burden of opposing a motion for relief from stay except where equity in property is at issue. See, In re Living Hope Southeast, LLC, 505 B.R. 237 (Bankr. E.D. Ark. 2014); See also, In re Johnson, 115 B.R. 634, 636 (Bankr. D. Minn. 1989).

11. While Congress did not define "for cause" with respect to stay relief, it fully intended for the automatic stay to be lifted to allow litigation involving the debtor to proceed in a non-bankruptcy forum under select circumstances. Wiley, at 822 (citing In re Blan, 237 B.R. at 739 and H.R.Rep. No. 95-595, at 341 (1977), U.S. Code Cong. & Admin.News 1978, at 5963, 6297-6298, S.Rep. No. 95-989, at 50 (1978), U.S. Code Cong. & Admin.News 1978, at 5787, 5836)).

12. To determine whether cause exists to lift the automatic stay so that a separate lawsuit may proceed, the Court must balance the potential prejudice to debtor, to the bankruptcy estate, and to other creditors against the hardship to the moving party if it is not allowed to proceed in the separate lawsuit. Wiley at 822; Blan at 739. The factors used to balance potential hardships are: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chances of success on the merits; (5) the

cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. Id.

## ARGUMENT

13. Cause exists to lift the automatic stay as there is no question stay relief will promote judicial economy in that it would permit Movant to pursue a judgment against all Co-Defendants in the Lawsuit, rather than pursuing judgment against the other Co-Defendants, and then against Debtor in a separate proceeding. Cause further exists as Movant is prepared to move forward with the Lawsuit, which was filed more than a year before this bankruptcy filing. (Exhibits A and B). There have been dozens of pleadings filed in the state court case and multiple hearings held. The matter was set for trial on January 31, 2022. An Order granting stay relief will not impede the resolution of preliminary bankruptcy matters as Movant's Lawsuit seeks recovery of monetary damages rather than recovery of secured property in Debtor's possession or control.

14. The state court case is based on the unresolved issue of who owns the equity interest of the Debtor. The Lawsuit is a state law close corporation family fight. Wayne Reeder has operated the Debtor for more than thirty years and maintains that he is an owner with the agreement of the other shareholder.

15. The public at large and creditors of the Debtor believed that the Mr. Reeder was the owner and operator of the business and the subsidiaries including, but not limited to, Park Reserve, LLC. (Exhibit C, Term Sheet from Citizen's Bank and Trust. See also, Exhibit D, Authorizing Resolution). There will be dozens of documents that will ultimately be introduced that demonstrate Wayne Reeder's interest in the Debtor.

16. It is clear from the evidence to date that Wayne Reeder acted like an owner and was the party operated the business until 2020.

17. The alleged sole shareholder, Sammy Jo Reeder, has not been to the Debtor's property for over 20 years and knows nothing about any of the alleged subsidiaries. (Exhibit E, 2004 Exam of Sammy Jo Reeder, p. 12-13).

18. Sammy Jo Reeder also does not know who interviewed and hired the managers and employees of the Debtor, but it was Wayne Reeder that handled all these duties until 2020.  (Exhibit E, 2004 Exam of Sammy Jo Reeder, p. 22).

19. Sammy Jo Reeder also knows nothing of the extensive assets of the Debtor or its subsidiaries. (Exhibit E, 2004 Exam of Sammy Jo Reeder, pp. 33-38, 40-41, 45-50

20. Sammy Jo Reeder agrees that Wayne Reeder is the owner of the subsidiaries. (Exhibit E, 2002 Exam of Sammy Jo Reeder p 38, lines 12-14 and p. 53, lines 5-20).

21. Leslie Reeder also has acknowledged that Wayne Reeder has run the Debtor from 2001 until 2020.  (Exhibit F, 2004 Exam of Leslie Reeder, p. 20, lines 6-11).

22. Leslie Reeder has acknowledged that Wayne Reeder started and operated the subsidiary businesses including Park Reserve, Seven at KC, and Harrisonville Senior Car Center. (Exhibit F, 2004 Exam of Leslie Reeder, p. 20, lines 14-17; p. 22, lines 9-14; page 23, lines 2-20; p. 70, lines 21-24; and pp. 71-72.

23. The Movant does not believe it was all of the information to conclude its case, but who is the owner of the Debtor must be decided and the state court is the proper forum.

24. The Movant asserts that he operated the Debtor's businesses and there was an agreement that he was an owner of a beneficial interest in the Debtor.

25. While this Court is no stanger to shareholder disputes, the Jackson County Circuit Court is most equipped to determine the state law questions of who owns the Debtor and what interests the alleged members hold.  This Bankrutpcy Court can continue to adjudicate the debts of the Debtor.

26. Though Debtor may incur fees or expenses defending the Lawsuit in the event stay relief is granted, such expenses are insufficient to deny Movant's request. In particular, it has long been the standard in this Court, that the mere cost of defense, however, is ordinarily considered an insufficient basis for denying relief from the stay." Wiley at 823 (citing In the Matter of United Imports, Inc., 203 B.R. 162, 169 (Bankr.D.Neb. 1996); Smith v. Tricare Rehab. Sys., Inc. (In re Tricare Rehab. Sys., Inc.), 181 B.R. 569, 575 (Bankr.N.D.Ala.1994)). Based on the foregoing, cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

27. While the state court case has not been removed to the bankruptcy court, the standards for absention are relevant to the Court's analysis. If relief from stay is not granted then the Court would be essentially be rejecting any abstention argument.

28. In deciding whether to invoke permissive abstention, the Court looks to (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceedings in bankruptcy court involve forum shopping by one of the *862 parties; (11) the existence of a right to jury trial; (12) the presence in the proceedings of non-debtor parties; (13) comity; and, (14) the possibility of prejudice to other parties in the action. In re Nassau Dev. of Vill. W. Corp., 547 B.R. 857, 861–62 (Bankr. S.D. Fla. 2016); See also, Bizzolara V. Fisher Pen Co., 158 B.R. 761 (N.D. Ill. 1993).

29. The Bankruptcy Court does not need to be burdened with this family lawsuit.

30. The state court case can proceed against all Defendants without jeopardizing the Bankrutpcy Court's ability to reorganize the debts of the Debtor.

31. Absent an Order of this Court dismissing Debtor's Chapter 11 Bankruptcy without a discharge or an Order or Judgment of this Court, Movant stipulates that he will not seek to execute on any money Judgment against the Debtor entered in his favor in the Lawsuit if the Court grants Movant's request for stay relief. Movant further asserts that he will not seek an order of receivership.

WHEREFORE, Movant requests that this Court enter an Order that grants relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(2), and that the Court provide any other relief that it deems proper

        Respectfully Submitted:

        EVANS & MULLINIX, P.A.

        */s/ Colin N. Gotham*
        Colin N. Gotham, KS #19538; MO #52343
        7225 Renner Road, Suite 200
        Shawnee, KS  66217
        (913) 962-8700; (913) 962-8701 (Fax)
        cgotham@emlawkc.com
        *Attorneys for Creditor Wayne Reeder*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 15, 2021, a true and correct copy of the foregoing was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

Interstate Underground Warehouse and Industrial Park, Inc.
8201 East 23rd Street
Kansas City, MO 64129

Leslie Reeder
8201 East 23rd Street
Kansas City, MO 64129

Sammy Jo Reeder
7515 Gibraltar
Carlsbad, CA 92009

Stacy Reeder Robinson
32130 Harbor View Lane
Westlake Village, CA 91361

        */s/ Colin N. Gotham*
        Colin N. Gotham