MOW 3007-1.1    (4/2021)

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| INTERSTATE UNDERGROUND WAREHOUSE | ) |
| AND INDUSTRIAL PARK, INC. | )    Case. No. 21-40834 |
| | )    Chapter 11 |
| Debtor. | ) |

## OBJECTION TO CLAIM

Comes now Movant Interstate Underground Warehouse and Industrial Park, Inc., and hereby objects to the Proof of Claim filed by creditor **Wayne Reeder**, in the amount of $4,750,000.00, and filed on December 2, 2021. The court claim number is 34.

**Your claim may be reduced, modified, or eliminated. You should read this document carefully and discuss it with your attorney if you have one.**

Pursuant to Local Rule 3007-1 (C), the Claimant shall have 30 days after service of the Objection in which to file a Response if you do not want the court to eliminate or change your claim. The Response shall be in writing and state why the claim should be allowed as filed. If a Response is filed, the Court will schedule a hearing. If no timely Response is filed, the Court will enter an Order sustaining the Objection to the Claim. Parties not represented by an attorney shall mail a Response to the Court at **U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106.** Debtor(s) not represented by an attorney must be served a copy of the Response by regular mail. If your Response is mailed, it must be early enough so that the court will receive it on or before 30 days after service of the Objection.

The basis for the objection is as follows: (PLEASE CHECK ONLY THE APPLICABLE BOXES)

☒    The claim should be disallowed entirely for the following good and sufficient reasons:

(a) Pursuant to RSMO Section 400.003.118(b), the collection of the Note (attached to the Proof of Claim #34), which is dated October 20, 2003, and which appears to be a demand Note, is barred by the Missouri statute of limitations which was ten (10) years from the date of the Note as no demand was ever made upon the Debtor or Sammy Jo Reeder (the sole shareholder). The Note does not waive presentment and no presentment was made to the Debtor or Sammy Jo Reeder. Wayne Reeder could not have made demand upon himself as he was not an officer or director of the Movant (Debtor) as set out in (b) below. In the Jackson County case of *Wayne Reeder v. Sammy Jo Reeder et al*., Case No. 2016-CV12471, Wayne Reeder brought suit, among other claims, for the alleged Note.

MOW 3007-1.1    (4/2021)

In his answer to discovery, when asked for documents that "consist of or relate to the demand alleged in paragraph 34 of the petition", Mr. Reeder responded "Plaintiff does not have any responsive documents at this time.  Pursuant to his duty to supplement these responses, Plaintiff will produce any responsive documents that come into his possession". The Response to Defendants' Request for Production of Documents was served on February 15, 2021. No documents have been provided since February 15, 2021 to evidence demand of the Note. None was included in the Proof of Claim #34.

(b) The Claimant Wayne Reeder allegedly executed the Note as "President and Manager". According to the Missouri Secretary of State, the President of the Movant (Debtor) on October 20, 2003 (date of alleged Note) was Sammy Jo Reeder.  Further, Sammy Jo Reeder was the only Director and Shareholder on that date. Claimant Wayne Reeder had no authority to execute said Note on behalf of the Movant (Debtor).

(c) Claimant Wayne Reeder has testified under oath in other proceedings (*Bird's Botanicals, Inc. v. IUW*, Case No. 1816-CV29012, Circuit Court of Jackson County, Missouri) that Sammy Jo Reeder is the 100% shareholder, that he was not an employee, that he was a consultant without a written consulting agreement, that he worked for free, and that he was not paid as a consultant.

(d) Claimant Wayne Reeder was convicted of felonies in Rhode Island in *USA v. Reeder* (1993 case). He was ordered to pay restitution. In connection with that conviction, he is required to report to the federal government. On or about July 17, 2018, he prepared and signed a Financial Statement to the USDOJ that stated that he was retired, that he did not own any interest in any closely held businesses, and that he was not owed any money by any entities. Under his signature on the Financial Statement, it is printed "False Statements are punishable up to five years in prison or a fine of $250,000 or both (18 USC Section 1001)." Thus, he is not owed any monies as a result of salary, consulting fees or commissions nor is he owed any monies for loans extended as confirmed by his oral testimony and written documents under oath.

Dated: 12/30/2021                           KRIGEL & KRIGEL, P.C.


                                            /s/ Erlene W. Krigel
                                            Erlene W. Krigel, MO #29416
                                            4520 Main St., Ste. 700
                                            Kansas City, MO  64111
                                            Telephone: (816) 756-5800
                                            Fax: (816) 756-1999
                                            Email:  ekrigel@krigelandkrigel.com
                                            ATTORNEYS FOR DEBTOR


### CERTIFICATE OF SERVICE

I Erlene Krigel hereby certify that a true and correct copy of the Objection to Claim was mailed to Wayne Reeder as set forth below, by email and by first class mail this 30th day of December, 2021,

Wayne Reeder
%Colin N. Gotham
Evans & Mullinix, P.A.
7225 Renner Road, Ste. 200
Shawnee, KS 66217


And to all other parties in interest and creditors listed on the Court's ECF noticing system.


Dated: 12/30/2021                           /s/ Erlene W. Krigel
                                            Erlene W. Krigel

**Court address: U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106**

**Instructions: Complete all parts of the form and serve on the affected parties**


ECF Event: Bankruptcy>Claim Actions>Objection to Claim (includes 30-day notice)