IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| INTERSTATE UNDERGROUND WAREHOUSE | ) Case No. 21-40834-drd11 |
| AND INDUSTRIAL PARK, INC., | ) |
| | ) |
| Debtor. | ) |

NOTICE OF RULE 2004 EXAMINATION

TO: WAYNE REEDER

PLEASE TAKE NOTICE that Wayne Reeder is to appear for examination in accordance with the Federal Rule 2004 of the Bankruptcy Rules of Procedure in the offices of Krigel & Krigel, P.C., 4520 Main Street, Suite 700, Kansas City, Missouri 64111, on January 18, 2022 at 1:30 p.m. The examination will continue from day to day until completed and will be stenographically recorded by a certified court reporter. The scope of the examination shall be as described in Fed. R.Civ. P. 26 and 30.

The undersigned counsel hereby certifies that the proposed examination is more than seven (7) days from the date of this Notice in compliance with LBR 2004.1.

        KRIGEL & KRIGEL, P.C.

        /s/ *Erlene W. Krigel*
        Erlene W. Krigel, No. 29416
        4520 Main Street Suite 700
        Kansas City, Missouri 64111
        Telephone: (816) 756-5800
        Facsimile: (816) 756-1999
        ATTORNEYS FOR DEBTOR

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on this 11th day of January, 2022, electronically on counsel for Wayne Reeder at cgotham@emlawkc.com and to all parties who are listed on the Court's ECF notification system.

    /s/ *Erlene W. Krigel*
    Erlene W. Krigel

EXHIBIT A TO SUBPOENA FOR RULE 2004 EXAMINATION

1. Documents to evidence that Wayne Reeder would retain an equitable interest in shares of Interstate Underground Warehouse and Industrial Park, Inc. ("IUW").

2. Documents to evidence that Wayne Reeder and Sammy Jo Reeder created a partnership as to the ownership of IUW.

3. Documents to evidence investment made in or loans extended to IUW by Wayne Reeder.

4. Documents to evidence the obligation alleged to be owed to Wayne Reeder by IUW as reflected in the Promissory Note, dated 10/20/03, in the amount of $4,750,000, and attached to Wayne Reeder's Proof of Claim.

5. Documents to evidence demand made upon IUW for payment of the Promissory Note referenced in 4 above.

6. Original of the Promissory Note, dated 10/20/03, in the amount of $4,750,000.

7. All documents pertaining to the following entities:

    a. Seven at KC LLC
    b. Nine at KC LLC
    c. West Wyoming LLC
    d. Park Reserve LLC
    e. The View at WB LLC
    f. Scarritt Building and Scarritt Arcade Building LLC
    g. Interstate Self Storage LLC
    h. Interstate Underground Warehouse LLC
    i. Harrisonville Senior Care Center LLC
    j. Interstate National & Global Financial Investment LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Western__ District of __Missouri__

In re _Interstate Underground Warehouse and Industrial Park, Inc._
　　　　　Debtor

Case No. __21-40834-drd__

Chapter __11__

### SUBPOENA FOR RULE 2004 EXAMINATION

To: _Wayne Reeder_

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Krigel & Krigel, PC<br>4520 Main St., Ste. 700<br>Kansas City, MO 64111 | 01/18/22 at 1:30 pm |

The examination will be recorded by this method: _Stenographic (by oral examination before a certified court reporter or other person authorized to administer oaths)_

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　　See Attached Exhibit A

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _1/11/2022_

　　　　　　　　CLERK OF COURT

　　　　　　　　　　　　OR

_____　　　　_____
*Signature of Clerk or Deputy Clerk*　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Debtor_ , who issues or requests this subpoena, are:
Erlene W. Krigel, Krigel & Krigel, P.C. 4520 Main St., Ste. 700, Kansas City, MO 64111
816-756-5800   ekrigel@krigelandkrigel.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _Wayne Reeder_____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)