UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| INTERSTATE UNDERGROUND WAREHOUSE | ) Case No. 21-40834-DRD11 |
| AND INDUSTRIAL PARK, INC. | ) |
| | ) |
| Debtor. | ) |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

Pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. §§ 1125 and 1129, the United States Trustee respectfully objects to the Debtor's Disclosure Statement (Dkt. #325) and First Amended Plan of Reorganization (Dkt. #369).[1] In support hereof, the United States Trustee respectfully alleges as follows:

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

2. Debtor Interstate Underground Warehouse and Industrial Park, Inc. (the "Debtor") filed a Chapter 11 voluntary petition on July 1, 2021.

3. The Debtor operates a commercial storage facility and real estate. No Trustee or Examiner has been appointed.

---

[1] The Debtor filed its' first amended plan on March 1, 2022, and the Court has set it for hearing. The United States Trustee takes the position that Amended Plan substantially affects the rights of creditors, since it would require to pay off its primary secured creditor during the life of the five year plan (in year three, rather than at the end of the plan) and that the potential failure of the Debtor to obtain refinancing or to pay off the lien could materially impact the ability of the debtor to make payments to the remaining creditors in years four and five the plan. Therefore, the U.S. Trustee believes the plan needs to be resolicited because it could materially and adversely affect other creditors. *See In re American Trailer and Storage, Inc.,* 419 B.R. 412, 419 (Bankr. W.D. Mo. 2009). Nevertheless, because the Court intends to take up the amended plan, the U.S. Trustee has reviewed it and files his objections and comments to that plan.

**Disclosure Objections**

7. For the reasons set forth below, the United States Trustee contends that the Disclosure Statement portion is deficient and does not meet the "adequate information" standard set forth in 11 U.S.C. § 1125(a). A disclosure statement contains adequate information if it contains information "of a kind, and in sufficient detail . . . that would enable [] a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

8. The "disclosure statement requirements are crucial to the effective functioning of the federal bankruptcy system. Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." Ryan Operations G.P. v. Forrest Paint Co., 81 F.3d 355, 362 (3rd Cir. 1996).

9. The historical financial information provided by the Debtor in Section II of the Disclosure Statement on page 4 is highly generalized. Further, the source of this information is unaudited internal financial statements (copies of which have been provided to the U.S. Trustee). As discussed below, the Debtor has not filed income tax returns for substantially all of these periods, and only recently obtained an accountant to do so. The U.S. Trustee has noticed discrepancies between these financial statements and the Debtor's other books and records as well as its' schedules. For example, the Debtor values its interests (both for liquidation purposes and scheduling purposes) in various subsidiaries at zero, but the May, 2021 balance sheet (which is less than two months before filing) values those interests at $7.8 million. Further, the total value of property listed on the Debtor's schedules was $3.56 million (excluding the subsidiaries) but the

financial statements value these assets at $3.88 million just two months prior. It is not clear why there is a 10% difference in the valuation of the Debtor's assets.

10. Additionally, the Debtors own internal projections do not appear to reconcile. For example, the Debtor includes both monthly and yearly projected income and expenses. In the summary page 1 of exhibit A, the Debtor asserts net expenses including all plan payments, of $3.82 million in 2022. However, in the monthly detail, the Debtor's expenses, excluding plan payments (except the mortgage) total $3.85 million. The U.S. Trustee notes that the Debtor's actual financial performance for January, 2022, according to the monthly operating report had higher than budgeted income, but expenses of $389,969 which more closely tracks the monthly expenses breakout.

11. Since an Amended Plan has been filed which the U.S. Trustee asserts must be re-balloted, the Debtor should revise its' historical financials in line with the results of the finding of the accounting reports and should update the projections to track the actual financial performance of the Debtor.

12. Accordingly, for these reasons, final approval of the Disclosure Statement should be denied.

### Confirmation Objections to the Plan

13. Based on the difficulty in determining the actual financial performance and condition of these Debtors considering the inconsistent and inaccurate financial data provided to date, it is very difficult for the United States Trustee to conduct an informed feasibility analysis in this case. The United States Trustee notes that tax returns have not been filed for the past three fiscal years. The U.S. Trustee understands that counsel and the Debtor's

      representative are scheduled to meet with the employed accountants next week. Without tax returns, the Debtor's liability to the priority unsecured creditors is unknown. The Debtor's projections estimate payments of about $54,000 on pre-petition priority tax claims, but the IRS filed estimated tax claims total over $170,000. Without the returns, there is no way to know what the payments will be under the proposed plan. Accordingly, the United States Trustee suggests the Debtor will not be able to meet its ~~their~~ burden of proof that the plan is feasible as required for confirmation under Section 1129(a)(11) until such time as it has better financial information and files its tax returns.

14. The liquidation analysis provided by the Debtor contains assumptions and projections which may not be accurate. For example, the value of the real property in the Debtor's schedules differs from the value in the Debtor's balance sheet. Further, it is unclear whether the 2nd priority deed of trust will be paid in full from the liquidation of other property. If the second priority deed of trust is fully satisfied from non-estate funds, then there is substantially equity in the real property. While the Debtor presumes that a lot of the equity will be absorbed by costs of sale and by a substantial capital gains tax (which the Debtor estimates would be 80% of the net profit), it has not provided any explanation for these amounts. Given that general unsecured creditors are being paid only $100,000 in this case, and the Debtor asserts that there is actually minimal tax priority debt, it would appear that the best interests of creditors test may not be satisfied based on currently available information if Class 13 or 14 reject the plan under Section 1129(a)(7)(A)(ii).

15. The treatment of the general unsecured creditor class is inconsistent with the absolute priority rule, requiring these two classes to accept the Plan for the Plan to be confirmed.

The Plan does not pay the creditors the value of their claim on the effective date of the Plan, because the Plan purports to pay only a total of $100,000 to general unsecured creditors, regardless of the total value of their claims. Accordingly, if Class 13 or Class 14 rejects the Plan, it cannot be confirmed under Sections 1129(a)(8) and 1129(b)(2)(B).

16. Therefore, the plan fails to comply with applicable law, and cannot be confirmed pursuant to 11 U.S.C. § 1129(a)(1).

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests the Court's order denying final approval of the Disclosure Statement, denying confirmation of the First Amended Plan, and for such further relief as may be just and proper.

Dated: March 3, 2022

Respectfully submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

By: /s/ Adam E. Miller
  Adam E. Miller, Mo. Bar #65429
  Trial Attorney
  Office of the U.S. Trustee
  400 East 9th St., Ste 3440
  Kansas City, MO 64106
  Telephone: (816) 512-1940
  Telecopier: (816) 512-1967
  Email: adam.e.miller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States Trustee's Objection to Debtor's Disclosure Statement and Plan of Reorganization was served upon all parties receiving electronic notification or by first-class mail, postage prepaid, this 3rd day of March, 2022.

By: /s/ Adam E. Miller
  Adam E. Miller