MOW 3007-1.1    (4/2021)

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTERSTATE UNDERGROUND WAREHOUSE ) | |
| AND INDUSTRIAL PARK, INC. ) | Case. No. 21-40834 |
| ) | Chapter 11 |
| Debtor. ) | |

**OBJECTION TO AMENDED CLAIM #34**

Comes now Movant Interstate Underground Warehouse and Industrial Park, Inc., and hereby objects to the Amended Proof of Claim filed by creditor **Wayne Reeder**, in the amount of $4,750,000.00. Wayne Reeder has amended his Proof of Claim three times after the original Proof of Claim was filed.

The first Proof of Claim was originally filed on December 2, 2021. The Movant filed an Objection to the Claim on December 30, 2021. Thereafter, Wayne Reeder filed a first amended Proof of Claim on January 31, 2022. Then, on February 15, 2022, Wayne Reeder, through his first attorney Colin Gotham, filed a second amended Proof of Claim and amended his Proof of Claim to $0. Finally, on March 29, 2022, Wayne Reeder filed his fourth amended Proof of Claim and amended his Proof of Claim back to $4,750,000.

After a hearing on March 29, 2022, in which the Court took up Wayne Reeder's Motion to Quash the proposed 2004 Examination of Wayne Reeder (which the Court denied), Wayne Reeder amended his Proof of Claim *again* back to the $4,750,000 that was claimed in the original filing. At the hearing on March 29, 2022, the Court inquired as to what claim Wayne Reeder held as the Court was interested in knowing what stake Wayne Reeder had in these proceedings and suggested that if he had no stake, he may not have standing to object in this case.

The 2004 Examination was continued for the third time to March 30, 2022 and Wayne Reeder failed to appear for the fourth (4th) scheduled 2004 Examination. Movant's counsel has not received any documents attempting to excuse Wayne Reeder's non-appearance.

**Your claim may be reduced, modified, or eliminated. You should read this document carefully and discuss it with your attorney if you have one.**

Pursuant to Local Rule 3007-1 (C), the Claimant shall have 30 days after service of the Objection in which to file a Response if you do not want the court to eliminate or change your claim. The Response shall be in writing and state why the claim should be allowed as filed. If a Response is filed, the Court will schedule a hearing. If no timely Response is filed, the

MOW 3007-1.1    (4/2021)

    Court will enter an Order sustaining the Objection to the Claim. Parties not represented by an attorney shall mail a Response to the Court at **U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106.** Debtor(s) not represented by an attorney must be served a copy of the Response by regular mail. If your Response is mailed, it must be early enough so that the court will receive it on or before 30 days after service of the Objection.

The basis for the objection is as follows: (PLEASE CHECK ONLY THE APPLICABLE BOXES)

☒    The claim should be disallowed entirely for the following good and sufficient reasons:

(a) Pursuant to RSMO Section 400.003.118(b), the collection of the Note (attached to the Amended Proof of Claim #34), which Note is dated October 20, 2003, and which appears to be a demand Note, is barred by the Missouri statute of limitations which was ten (10) years from the date of the Note as no demand was ever made upon the Debtor or Sammy Jo Reeder (the sole shareholder). The Note does not waive presentment and no presentment was made to the Debtor or Sammy Jo Reeder. Wayne Reeder could not have made demand upon himself as he was not an officer or director of the Movant (Debtor) as set out in (b) below. In the Jackson County case of *Wayne Reeder v. Sammy Jo Reeder et al.*, Case No. 2016-CV12471, Wayne Reeder brought suit, among other claims, for the alleged Note. In his answer to discovery, when asked for documents that "consist of or relate to the demand alleged in paragraph 34 of the petition", Mr. Reeder responded "Plaintiff does not have any responsive documents at this time. Pursuant to his duty to supplement these responses, Plaintiff will produce any responsive documents that come into his possession". The Response to Defendants' Request for Production of Documents was served on February 15, 2021. The Note was not produced and no documents were provided to evidence demand of the Note. No documents evidencing demand upon the Debtor was included in the Proof of Claim #34.

(b) The Claimant Wayne Reeder allegedly executed the Note as "President and Manager". According to the Missouri Secretary of State, the President of the Movant (Debtor) on October 20, 2003 (date of alleged Note) was Sammy Jo Reeder. Further, Sammy Jo Reeder was the only Director and Shareholder on that date. Claimant Wayne Reeder had no authority to execute said Note on behalf of the Movant (Debtor).

(c) Claimant Wayne Reeder has testified under oath in other proceedings (*Bird's Botanicals, Inc. v. IUW*, Case No. 1816-CV29012, Circuit Court of Jackson County, Missouri) that Sammy Jo Reeder is the 100% shareholder, that he was not an employee, that he was a consultant without a written consulting agreement, that he worked for free, and that he was not paid as a consultant.

(d) Claimant Wayne Reeder was convicted of felonies in Rhode Island in *USA v. Reeder* (1993 case). He was ordered to pay restitution. In connection with that conviction, he is required to report to the federal government. On or about July 17, 2018, he prepared and signed a Financial Statement to the USDOJ that stated that he was retired, that he did not own any interest in any closely held businesses, and that he was not owed any money by any entities. Under his signature on the Financial Statement, it is printed "False Statements are punishable up to five years in prison or a fine of $250,000 or both (18 USC Section 1001)." Thus, he is not owed any monies as a result of salary, consulting fees or commissions nor is he owed any monies for loans extended as confirmed by his oral testimony and written documents under oath.

(e) Wayne Reeder should be barred from making yet another amendment of his Proof of Claim from $0 to $4,750,000 as the amendment to $0 was filed once an objection to the Proof of Claim was pending. Further, Wayne Reeder is apparently now changing his claim to something other than $0 to avoid this Court making a finding that he lacks standing to further disrupt and interfere in these proceedings. Further, as a result of his failure and refusal to appear and give testimony at a 2004 Examination, Wayne Reeder's claim should be barred.

Dated: 3/31/2022    KRIGEL & KRIGEL, P.C.

 /s/ Erlene W. Krigel
Erlene W. Krigel, MO #29416
4520 Main St., Ste. 700
Kansas City, MO  64111
Telephone: (816) 756-5800
Fax: (816) 756-1999
Email:  ekrigel@krigelandkrigel.com
ATTORNEYS FOR DEBTOR

MOW 3007-1.1   (4/2021)

# CERTIFICATE OF SERVICE

I Erlene Krigel hereby certify that a true and correct copy of the Objection to Claim was mailed to Wayne Reeder as set forth below, by email to Ryan Blay, Counsel for Wayne Reeder, and by first class mail this 31st day of March, 2022: to

Wayne Reeder
800 NW Argosy Parkway
Riverside, MO 64150

And to all other parties in interest and creditors listed on the Court's ECF noticing system.

Dated: 3/31/2022                                /s/ Erlene W. Krigel
                                                Erlene W. Krigel

**Court address: U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106**

**Instructions: Complete all parts of the form and serve on the affected parties**

ECF Event: Bankruptcy>Claim Actions>Objection to Claim (includes 30-day notice)