**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In Re:    INTERSTATE UNDERGROUND | ) | Case No. 21-40834-DRD-11 |
| WAREHOUSE AND INDUSTRIAL | ) | |
| PARK, INC. | ) | Chapter 11 |
| Debtor | ) | |

**OBJECTION BY CREDITOR WAYNE REEDER TO DEBTOR'S SECOND AMENDED**
**DISCLOSURE STATEMENT (DOCKET #424).**

COMES NOW Class 13 Creditor, Wayne Reeder ("Reeder"), by and through counsel, and hereby objects to the Debtor's Second Amended Disclosure Statement (Doc. #424).  Reeder's Objection to Confirmation of the Third Amended Plan will be filed as a separate pleading.  For his objection, Reeder states as follows:

A.      The Disclosure Statement Does Not Comply With 11 U.S.C. §1125 Because It Fails to Provide Information About The True Amounts The Reeder Family Receives From the Reorganized Debtor

Section X discloses compensation for Debtor's counsel and the salaries of Leslie Reeder (the CEO), Sammy Jo Reeder (the sole shareholder), and Stacy Reeder Robinson (advisor).  For reasons unknown, the Section fails to disclose that in addition to her stated salary, Leslie Reeder receives $8,000 per month from the Debtor as a housing allowance.  Unsecured creditors, who are expected to accept a pro rata share of $250,000 over the life of the plan, would and should need to know that the Reeder family would receive over $1 million during the Plan.

B.      The Liquidation Analysis (Exhibit C, Document 424-3) Is Inadequate and Insufficient

The document is insufficient to provide the necessary disclosure to creditors because the Debtor represents that income tax returns have been filed for the fiscal year ending May 31, 2021. However, when said returns were requested, Debtors' counsel refused to provide them to Reeder on the grounds that Reeder's claim is disputed (and that Reeder might not show to his Rule 2004 Examination(s), which he ultimately did.)

1

Those returns contain the book value for determining tax liability whether incurred on a sale of part or all of the Debtor's property or a liquidation of the property. Further, the valuation of the Debtor's property should take into account information about value placed on the property by third parties (by offer or otherwise) if no formal appraisals are available.

In this case, a Response to Plan has been filed by a third party offering $4.75 million for the purchase of all of Debtors assets, except cash on hand. With respect to a liquation analysis, such offers are significant because they provide transparency to the amount the current equity holder(s) capture as compared to payments to creditors.

C.      There is No Discussion of Any Recovery for Preferential and/or Fraudulent Conveyance Payments

There is also no mention of how failing to seek recovery of such payments is in the best interest of the estate and creditors.

D.      The Treatment of a Right to First Refusal Contained Within a Lease is Ambiguous

In approximately February or March of 2019, Interstate leased space in its facility to Kansas City Cold Storage.  The lease contained an Exhibit 3 – Miscellaneous, which included provision #3, listed as follows:

3.  Tenant shall have a First Right of Refusal ("ROFR") to purchase IUW (the entire IUW surface real estate property of approximately 152 acres and underground cave area under the same terms and conditions offered by a third-party buyer).  Tenant shall have 60 days to exercise the ROFR after written notice from Landlord and delivery of a copy of the offer from the third-party buyer match purchase price, terms and conditions from third party buyer.

Since this provision is not discussed, it has not been made clear how assumption of the lease and its incorporated terms affect the creditors.

2

E.        The Refrigeration Issues are Far More Serious Than Discussed, and Critical Details are Omitted.

Section V of the Disclosure Statement discusses the critical status of the Freezer System. Whether freon is now being used less than in previous years is not the key issue, however. The entire system has been in need of an overhaul, with bids being submitted in 2019 (to Wayne Reeder) and 2020 (to Leslie Reeder).

However, with post-COVID supply chain shortages, labor issues, and the expiration of the last quote, it is unknown how much a new system would run. The compressor referenced was purchased post-petition (from a contribution from Sammy Jo Reeder, for which she seeks a credit towards maintaining 100% equity in the business). However, that compressor was not "new", it was a used part with many hours on it.

Unless the Debtor has its possession a different quote, the amount quoted in the 2020 bid by Custom Refrigeration Solutions is $3,400,142, exclusive f a slew of other items, including tax, and electrical work (an additional $1,091.631). Under that bid, even if it was honored today with no amendments or inflation, the costs would exceed $4.4 million with a minimum down payment of $436,652 (for the electrical work) and $1,360,056.80 for the main system, for a total of nearly $1.8 million.

Even if the Debtor's own projections are accurate, and Woodmen and Andersons are paid off in 2026, the Debtor still wouldn't have even half of what it needs for a down payment. There are separate feasibility issues to address in an Objection to Confirmation of the Third Amended Plan, but the Court need not reach feasibility to see how the Debtor's description of the system providing the bulk of the Debtor's income is inaccurate and misleading to creditors.

WHEREFORE, Reeder respectfully requests this court enter an order Denying approval of the Debtor's Second Amended Disclosure Statement, and for any further relief deemed appropriate by this Honorable Court.

Dated: June 13, 2022                    Respectfully submitted,
                                        WM Law

                                        s/ Ryan A. Blay
                                        Ryan A. Blay, MO #KS001066; KS #28110
                                        15095 W. 116th St.
                                        Olathe, KS 66062
                                        Phone (913) 422-0909 / Fax (913) 428-8549
                                        blay@wagonergroup.com
                                        bankruptcy@wagonergroup.com
                                        COUNSEL FOR CREDITOR WAYNE REEDER

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2022, the foregoing Objection was served upon all parties receiving electronic notification or by first-class mail, postage prepaid.

                                        s/ Ryan A. Blay