**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

IN RE: )
)
**INTERSTATE UNDERGROUND** ) **CASE NO. 21-40834-DRD**
**WAREHOUSE AND INDUSTRIAL** ) Chapter 11
**PARK, INC.,** )
           Debtor. )
)

## ORDER CONFIRMING PLAN OF REORGANIZATION, AS AMENDED

On October 4, 2022, the Court takes up the matter of confirmation of the Debtor's Fourth Amended Plan of Reorganization and Third Amended Disclosure Statement. Erlene W. Krigel and Sanford P. Krigel appear for the Debtor. Ryan Blay appears on behalf of creditor Richard Turner. Adam Miller appears for the United States Trustee. Laurence Frazen appears on behalf of Citizens Bank & Trust Company.

After hearing statements of counsel, the testimony of Leslie Reeder, CEO of the Debtor, and Joe Temm, bookkeeper of the Debtor, creditor Richard Turner and Terry Williams of Custom Refrigeration Solutions, admitting exhibits into evidence, taking judicial notice of certain pleadings, and reviewing the Court's file, the Court makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014:

1. The Court has jurisdiction over this Chapter 11 case and the Debtor pursuant to 28 U.S.C. §157(a) and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Approval of the Disclosure Statement and confirmation of the Plan are statutorily core proceedings under 28 U.S.C. §157(b)(2)(L). These proceedings are also constitutionally core.

2. On July 1, 2021, Debtor filed its Petition for Relief. On January 31, 2022, Debtor filed its initial Chapter 11 Plan of Reorganization (Doc. #324) and initial Disclosure Statement (Doc. #325). On March 1, 2022, the Debtor filed its First Amended Chapter 11 Plan (Doc. #369). The Second Amended Plan (Doc. #408) and the First Amended Disclosure Statement (Doc. #409) were filed on April 15, 2022. The Third Amended Plan (Doc. #423) and the Second Amended Disclosure Statement (Doc. #424) were filed on May 2, 2022. The Fourth Amended Plan (Doc. #492) and the Third Amended Disclosure Statement (Doc. #493) were filed on August 5, 2022.

3. The Fourth Amended Plan (Doc. #492) and the Third Amended Disclosure Statement (Doc. #493) are hereafter referred to as "Plan" or "Plan of Reorganization" and "Disclosure Statement".

4. On August 8, 2022, the Court issued its Order and Notice Conditionally Approving Disclosure Statement and setting a combined hearing on the Disclosure Statement and Plan of Reorganization (Doc. #494). Such Order directed the Debtor to provide to creditors appropriate notice and opportunity for a hearing scheduled for October 4, 2022 at 10:00 a.m. The Debtor transmitted and served the Disclosure Statement, the Plan and a Ballot to all creditors and parties in interest listed on the Court's mailing matrix in compliance with the Bankruptcy Code and the Bankruptcy Rules.

5. The deadline for filing objections to the Plan and Disclosure Statement was September 23, 2022, and creditor Richard Turner filed an objection to the Plan and an objection to the Disclosure Statement. He also filed an untimely amended objection to the Debtor's Third Amended Disclosure Statement, which the Court did not address, as it was not timely filed.

6. The Effective Date of the Plan, as set forth in paragraph 1.14 of the Plan is thirty (30) days following the date that the confirmation order is final and non-appealable.

7. After hearing argument by counsel about Richard Turner's timely objections to the Disclosure Statement, the Court finds that the Disclosure Statement contains adequate information and satisfies the requirements of the §1125. The Court makes final its approval of the Disclosure Statement. The Court recognizes that the Debtor could solicit the creditors upon the Court's conditional approval of the Disclosure Statement.

8. Citizens Bank & Trust Company, through its counsel Laurence Frazen, stipulated on the record that the bank was waiving its right to receive payment of its deficiency claim as part of Class 14 so long as the Debtor remained the owner and operator of the cave real property.

9. Richard Turner also filed objections to the Summary of Ballots, with one of his objections stemming from the initial classification of Citizens Bank & Trust Company in Class 6 and later moving Citizens Bank & Trust Company to Class 14. The Court notes that Citizens Bank & Trust Company had a claim distinct from other creditors in Class 14 when the Plan was filed. It had a secured claim against real estate owned by a subsidiary Park Reserve LLC and an unsecured guarantee by the Debtor. Once the sale of the Park Reserve LLC property sold in late September, 2022, the deficiency balance owed to Citizens Bank & Trust Company became an unsecured nonpriority claim and properly belonged in Class 14. The Plan and Disclosure Statement clearly explained that Citizens Bank & Trust Company would be placed into Class 6 until the Park Reserve LLC property was sold and any deficiency would be moved to Class 14. Moreover, the Debtor filed an Amended Summary of Ballots to property place Citizens Bank & Trust Company in Class 14 and to correct a mathematical calculation in adding the rejecting ballots in Class 14. Further, the Court found that the classification of Citizens Bank & Trust Company first in Class 6 and later in Class 14 did not matter as Class 14 creditors were being paid 100% of their allowed claims and Class 14 is unimpaired.

10. Further, Richard Turner's objection based upon the Absolute Priority Rule is overruled as the Absolute Priority Rule does not apply when the unsecured non-priority claims are being paid in full as they are in this case. Richard Turner's objections based upon feasibility

2

are likewise overruled as Citizens Bank & Trust Company agreed to waive payment of its deficiency claim of $1,470,241.87. Richard Turner's objections based upon the alleged failure to identify avoidance claims are also overruled as the Debtor's CEO's testimony confirms that the monies needed to fund the Plan will come from funds on hand as well as future income. Any funds that might be recovered from pursuit of avoidance actions would not be required to fund the Plan.

11.     Richard Turner's objections based upon feasibility of the Debtor's Plan to fund the freezer replacement are overruled. The testimony of Terry Williams, owner of Custom Refrigeration Solutions, was telling for the Court. Mr. Williams testified that the Debtor was EPA compliant; that the Debtor's budget was adequate to allow Debtor to get through until it could make the change in a replacement system in the near term; that based upon his experience in refrigeration systems and the financing of such systems, lenders are receptive to loans for a refrigeration system; that the replacement of a refrigeration system is an attractive opportunity and that the current refrigeration system can be maintained until a loan is extended to Debtor to pay both the down payment and the balance owed on the replacement of a refrigeration system. Further, the Debtor's projections reflect a surplus over years two and three that provide a surplus cash flow of $1,500,000, to assist with the payment of the down payment.

12.     The Court finds that the Projections attached to the Disclosure Statement as Exhibit B ("Projections") are thorough and well prepared. Further, the Projections are consistent with the recent past and make reasonable assumptions as to growth (5-7% per year) in both income and expenses. Further, the income growth projection is consistent with the recent increase in business development, both increases in quantity and quality of space to lease and the rental rates. The Court further finds that the Plan payments are folded into the Projections; that the Debtor can perform the Plan based upon the Projections; that the Projections evidence that the Debtor can meet its expenses and plan payment obligations; and that the Debtor can pay the sums that are due on the Effective Date as it has more than $500,000 available for this purpose, and given that Citizens Bank & Trust Company shall not receive any distribution so long as the Debtor owns and operates the cave property.

13.     The Court finds that it is satisfied with the testimony concerning account payables and that the need to pay payables will not adversely impact the Debtor's ability to fund its Plan. There was no evidence about security deposits so the Court will assume that this is not a problem with the Debtor's operation.

14.     The Court finds that the Debtor need not prove to an absolute certainty that it can fund its Plan but can satisfy the requirements of the Code if it provides evidence to a reasonable certainty and by a preponderance of the evidence.

15.     The Court finds that the Plan, as amended, meets all requirements of 11 U.S.C. Section 1329(a)(1) through (a)(15), and therefore, the Plan is feasible and should be confirmed.

ACCORDINGLY,

The Court makes the following Orders, consistent with the foregoing statements of fact and conclusions of law:

1. This Court has jurisdiction over Debtor and this case pursuant to 28 U.S.C. §157(a) and §1334. The Confirmation Hearing of October 4, 2022, and this Order are "core" proceedings under 28 U.S.C. §157(b)(2)(L).

2. Debtor is qualified to be a Debtor under §109 of the Bankruptcy Code. Venue of this case is proper before this Court pursuant to 28 U.S.C. §1408.

3. The Debtor's Plan of Reorganization, as amended, shall be confirmed in all respects as provided in §1129 of the Bankruptcy Code.

4. Pursuant to §1141 of the Bankruptcy Code, the provisions of the Plan, as modified by this Order, shall bind Debtor and any creditor and equity security holder, and their respective heirs, successors and assigns, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan, and whether or not such creditor or equity security holder has accepted the Plan.

5. Pursuant to the Plan and §1141 of the Bankruptcy Code, all of the property of the estate shall be and it hereby is vested in Debtor, and all of the property shall be and it hereby is declared to be free and clear of all claims and interests of creditors and equity security holders, except for those secured creditors.

6. Any unexpired leases or executory contracts not specifically mentioned in this Order shall be deemed assumed as of the Confirmation Date.

7. Pursuant to §1142 of the Bankruptcy Code, this Court hereby reserves the right to direct Debtor and any other necessary party to execute or deliver, or to join in the execution or delivery of, any instrument required to effect a transfer of property dealt with by the Plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the Plan.

8. Subject to Article VII of the Plan, the Court shall retain complete jurisdiction of this case, and any proceedings arising in, under, or related to this case, after the Confirmation Date until the Consummation Date, including, but not limited to:

    a. Determination of any and all objections to the validity, priority, amount, nature, or proper classification of Claims, including estimation of Claims;
    b. Determination of any and all applications for compensation of fees and expenses under §330 of the Bankruptcy Code;
    c. Determination of any and all applications for the assumption or rejection of executory contracts and unexpired leases;

  d. Implementation of the Plan, including but not limited to entry of orders under §105 and §1142 of the Bankruptcy Code;

  e. Correction of any defect, omission, or inconsistency between or among the Plan or this Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan;

  f. Entering of such Orders as may be necessary to consummate, implement and effectuate the operative provisions of the Plan and all documents and agreements provided for in the Plan;

  g. Determination of any matters involving local, state, federal or other taxes, including determinations under §346, §505, §525, and §1146 of the Bankruptcy Code;

  h. Entry of a Final Order closing this case; and

  i. Determination of such other matters that may be provided for herein.

  9. The Effective Date shall be thirty (30) days following the date that this Confirmation Order is final and non-appealable.

  Dated: October 13, 2022

              */s/ Dennis R. Dow*
              Honorable, Dennis R. Dow
              UNITED STATES BANKRUPTCY JUDGE

Submitted by:

KRIGEL & KRIGEL, P.C.

/s/ Erlene W. Krigel
Erlene W. Krigel, Mo. Bar #29416
4520 Main Street Suite 700
Kansas City, MO 64111
Telephone: 816-756-5800
Facsimile: 816-756-1999
ekrigel@krigelandkrigel.com
ATTORNEYS FOR DEBTOR